UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-439-GNS

LAUREN GREEN, et al. PLAINTIFFS

v.

PLATINUM RESTAURANTS MID-AMERICA, LLC DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Conditional Certification (DN 54). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the Court **GRANTS** the motion and **ADOPTS** Plaintiffs' proposed notice and consent forms with modifications.

## I. BACKGROUND

This action is brought to recover unpaid compensation, in the form of unpaid wages and overtime, owed to Plaintiffs, who are cocktail servers, bartenders, and other tipped non-management employees of Defendant, Platinum Restaurants Mid-America, LLC ("Platinum") pursuant to the Fair Labor Standards Act ("FLSA") and the Kentucky Wage and Hour Act ("KWHA"). (Am. Compl. ¶¶ 1-3, DN 14). Plaintiffs claim they were forced to participate in a "tip pooling" agreement in which tips were shared with management and kitchen staff. (Am. Compl. ¶¶ 1-3). Plaintiffs further allege that they were forced to perform non-tipped duties while being paid below minimum wage and were forced to work off the clock for certain periods of time. (Am. Compl. ¶¶ 1-3).

Plaintiffs filed their complaint on June 12, 2014. (Compl., DN 1). Plaintiffs amended their complaint on July 15, 2014. (Am. Compl.). Plaintiffs filed their Motion for Conditional Certification on June 9, 2015. (Pls.' Mot. for Conditional Certification). Platinum filed its response on August 11, 2015. (Def.'s Resp. to Mot. for Conditional Certification, DN 59 [hereinafter Def.'s Resp.]). Plaintiffs' filed their reply on August 21, 2015. (Pls.' Reply to Def.'s Resp. to Pls. Mot. for Conditional Certification, DN 61[hereinafter Pls.' Reply]).

## II. JURISDICTION

This action arises under the laws of the United States and the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

Class actions under 29 U.S.C. § 216(b) require that "(1) the plaintiffs must actually be similarly situated, and (2) all plaintiffs must signal in writing their affirmative consent to participate in the litigation." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006) (internal quotation marks omitted) (citation omitted). "Unlike class actions under Fed. R. Civ. P. 23, collective actions under FLSA require putative class members to opt into the class," and "[t]hese opt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009) (citation omitted). Therefore, a district court's task is to "first consider whether plaintiffs have shown that the employees to be notified" of the collective action "are, in fact, similarly situated." *Comer*, 454 F.3d at 546-47 (6th Cir. 2006) (internal quotation marks omitted) (citation omitted). If the plaintiffs meet this burden, then "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Id*. (citation omitted). Therefore, these similarly-situated employees must be notified of the lawsuit. *Id.*

"Courts have used a two-phase inquiry when determining whether employees are similarly situated." *Hathaway v. Masonry*, No. 5:11-CV-121, 2012 WL 1252569, at *2 (W.D. Ky. Apr. 13, 2012). "The first phase takes place at the beginning of discovery." *Id*. "Authorization of notice requires only a modest factual showing that the plaintiff's position is similar, not identical, to the positions held by the putative class members." *Id*. (internal quotation marks omitted) (citing *Comer*, 454 F.3d at 546). "At this stage, courts generally consider the pleadings and any affidavits which have been submitted." *Id*. (citation omitted). The initial certification is "conditional and by no means final." *Comer*, 454 F.3d at 546 (citation omitted). "If the court conditionally certifies the class, the putative class members are given notice and the opportunity to opt in." *Hathaway*, 2012 WL 125259, at *2 (citation omitted).

The second phase occurs when "all of the opt-in forms have been received and discovery has concluded." *Id*. at 546 (internal quotation marks omitted) (citation omitted). "At this stage, the Court has much more information on which to base its decision." *Hathaway*, 2012 WL 1252569, at *2 (citation omitted). "For this reason, the Court must employ a stricter standard and examine more closely the question of whether the members of the class are in fact similarly situated." *Id*. (citing *Comer*, 454 F.3d at 547). "If the court determines that the claimants are similarly situated, the collective action proceeds to trial." *Id*. (citation omitted). "If the court determines that the claimants are not similarly situated, the court must decertify the class and dismiss the opt-in plaintiffs without prejudice." *Id*. (citation omitted).

## IV. DISCUSSION

Since Plaintiffs bring their Motion for Conditional Certification within the "first phase" of class certification, the Court considers whether the proposed class consists of similarly situated Plaintiffs under the "fairly lenient" standard set forth by the Sixth Circuit. *Comer*, 454

F.3d at 547 (citation omitted). The Court must then determine that the proposed notice is "timely, accurate, and informative" as to properly notify the proposed class. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 166 (1989). The Court will consider each step in turn.

**A. Class Certification of "Similarly Situated" Employees**

Plaintiffs seek to certify a class of "all Servers, Cocktail Servers and Bartenders and other tipped non-management employees" (hereinafter "Tipped Employees") that were "employed by Defendant in its Louisville Restaurant since it opened on January, 6, 2011." (Pls.' Pls.' Mot. for Conditional Certification 1-2). Plaintiffs contend that the same type of invalid corporate policy of "tip pooling" applied to similar types of Tipped Employees as to constitute a class of "similarly situated employees" under Section 216(b). (Pls.' Reply 1-2).

Here, Platinum employees in the proposed class all engaged in the service industry, performed duties to accomplish serving food and drink to customers, and experienced similar corporate policies. (Green Dec. 2-9, DN 17-2; Parsley Dec. 2-10, DN 17-3; Ragsdale Dec. 2-9, DN 17-4). The declarants indicate similar experiences across a spectrum of employees establish them as "similarly situated." Platinum claims that general "observations" and "conversations" of declarants are not sufficient to establish a class of similarly situated plaintiffs. (Def.'s Resp. 11-12). Yet, this Court has found similar declarations relating to observations of FLSA violations in the workplace as sufficient evidence to find a similarly situated class of plaintiffs in the first phase of certification. *See Hathaway*, 2012 WL 1252569, at *3-4. These declarations are both admissible and sufficient to meet the modest showing needed to find a similarly situated class. *Id*. (certifying a class based on affidavits of laborers describing workplace travel); *Comer*, 454 F.3d at 546-47.

Platinum further alleges that the proposed class consists of three categories of plaintiffs that are not similar and the Court cannot grant conditional certification to the proposed class. (Def.'s Resp. 13-14). This Court has certified a class, however, under situations where a uniform corporate policy applied to similar, but not identical, types of employees. *Bassett v. Tenn. Valley Auth.*, 5:09-CV-00039, 2013 WL 665068, at *2-9 (W.D. Ky. Feb. 22, 2013) (certifying a class that consisted of many different types of employees including laborers, foremen, managers, and equipment operators with varying duties). Further, such a varied group of employees can still constitute a class even under the stricter standard of the "second phase" of class certification. *See id*. (various types of employees in the construction process similarly situated in the later stage of the certification process). Thus a class may still be certified, regardless of the differing categories of employees in the proposed class.

Platinum also claims that a similarly situated class does not exist with regard to Plaintiffs' "side work" claim—i.e., work not typically performed by tipped employees. (Def.'s Resp. 29-31). Platinum's argument is primarily based on the differing schedules and time spent by Plaintiffs conducting the "side work." (Def.'s Resp. Mot. 29-33). This argument is unpersuasive. This Court has found a similarly situated class where the plaintiffs' class was comprised of persons with a variety of different work schedules. *Bassett*, 2013 WL 665068, at *2-9 (certifying a class for overtime wages for travel to work when class consisted of individuals who traveled on different days for differing time periods and had differing work shifts).

Platinum further claims that a conflict of interest exists that would invalidate the class. (Def.'s Resp. 14). Platinum argues that Plaintiffs' category of "non-tipped" employees encompasses employees who have an interest in validating the tip-pooling agreement. (Def.'s Resp. 15). To the contrary, Plaintiffs disavow any attempt to include such employees in their

class. (Pls.' Reply 5). The Court considers only the affidavits and pleadings at this stage in the certification of Plaintiffs' class and declines to resolve factual disputes and substantive issues. *See Hathaway*, 2012 WL 1252569, at *3-4 (citation omitted); *see also Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 642 (W.D. Tenn. 2009).

At a minimum, Plaintiffs have established a modest showing sufficient to meet their burden under the fairly lenient standard to establish a similarly situated class. *Comer*, 454 F.3d at 546. The Court finds such similarity within the Tipped Employees to conditionally certify the class.

**B. Adequacy of the Proposed Notice**

After the class is conditionally certified, the Court must determine if the proposed notice is fair and "accurate" to properly inform prospective plaintiffs of the action. *Sperling*, 493 U.S. at 169. A class action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*. "[A] district court has discretion to facilitate notice to potential plaintiffs." *Bassett v. Tenn. Valley Auth.*, No. 5:09-CV-39, 2010 WL 3092251, at *2-3 (W.D. Ky. Aug. 5, 2010) (citation omitted). Therefore, the Court must consider whether the proposed notice grants timely and accurate notice to potential plaintiffs and the Court may alter such notice at its discretion. *Sperling*, 493 U.S. at 169; *Bassett*, 2010 WL 3092251, at *2-3.

The parties first dispute whether state law allegations under the KWHA should be included in the proposed notice. (Def.'s Resp. 36; Pls.' Reply 36-37). Specifically, Platinum claims that this Court has previously dismissed all KWHA claims which therefore should be omitted. (Def.'s Resp. 36). Plaintiff argues that the FLSA does not pre-empt Plaintiffs' state law claims. (Pls.' Reply 36-37). Platinum prevails on this point. In this Court's February 24, 2015,

Order, the Court found that Plaintiffs' KWHA claims were dismissed both in a representative capacity and as a class. (Order 10-15, DN 40 (finding that the inclusion of KWHA claims as a class violated the Rules Enabling Act)). As the inclusion of these claims in the notice would be inaccurate, the Court declines to include any mention of the KWHA claims in the proposed notice.

Platinum also contests the inclusion of all language implying that an "involuntary tip" pool violated the FLSA and claims for unpaid overtime based on this Court's previous order. (Order 4-5, 18 (finding a mandatory tip pool did not "by itself" violate the FLSA and that related claims to unpaid overtime under the FLSA were dismissed). Here, Platinum reads the Court's order too broadly. While the Court did dismiss both claims for mandatory tip pooling and substantive violations for unpaid overtime under the FLSA, the Court did not dismiss these claims for all purposes. (Order 4). The Court's ruling was limited to finding that mandatory tip pooling alone was not a violation of the FLSA. (Order 4). Similarly, the Court dismissed Plaintiffs' unpaid overtime claims only as they related to the mandatory nature of the tip pooling. (Order 4-5). Therefore, the Court declines to omit reference to these claims beyond the limited dismissal in the Court's previous order.

The parties dispute the last sentence of the proposed notice, which states that Platinum denies Plaintiffs are entitled to "minimum wage." (Def.'s Resp. 36-37; Pls.' Reply 37). While Platinum denies these allegations, this is a substantive dispute involved in this case that is reasonably asserted by Plaintiffs. However, the Court will alter the proposed notice to clarify that Plaintiffs allege that Platinum has denied that certain Platinum employees are entitled to minimum wage. For the proposed notice to state that Platinum denies that its employees are entitled to minimum wage misstates this issue. Therefore, the Court alters this sentence to read

"Plaintiffs allege that Merlot denied Servers, Cocktail Servers, Bartenders, and other tipped, non-management employees payment of the standard minimum wage."

The parties agree that the notice shall not imply that lead Plaintiffs worked any position other than "Server, Cocktail Server, or Bartender." (Def.'s Resp. 36; Pls.' Reply 36). Therefore, the Court removes this statement from the proposed notice. Platinum further argues that the proposed notice misrepresents Plaintiffs claims to encompass "all" job duties that did not result in tips. The Court declines to alter the language related to this claim as Plaintiffs' proposed notice fairly represents their side-work claim in this action. Platinum argues that Plaintiffs' proposed notice contains inaccuracies of law regarding the definition of "tipped employees" in Paragraph 4(b) of the proposed notice. (Def.'s Resp. 37). Platinum's claims go to the substance of the case rather than ensuring the proposed notice is clear and accurate. Therefore, the Court leaves the Plaintiffs' language in Paragraph 4(b) unchanged.

Platinum also contests the applicable statute of limitations in the proposed notice. (Def.'s Resp. 38). Platinum claims that Plaintiffs improperly use the statute of limitations period of five years under the KWHA. (Def.'s Resp. 38). Platinum's argument is well founded. As previously noted, this Court has dismissed Plaintiffs' KWHA claims. (Order 10-15). The FLSA provides the applicable statute of limitations period in this case, which is three years for willful violations. 29 U.S.C. § 255(a). The parties also dispute when the statute of limitations period begins to run.[1] (Def.'s Resp. 38; Pls.' Reply 38). Each violation of the FLSA gives rise to a new cause of action. *See Hasken v. City of Louisville*, 234 F. Supp. 2d 688, 691 (W.D. Ky. 2002). A violation occurs upon the receipt of the last paycheck. *See Id*. Furthermore, the statute of limitations continues to

[1] Plaintiffs reference a plan to "re-new" their motion for equitable tolling which was previously denied without prejudice by this Court. (Pls.' Reply 38 (citing Order 14-17)). The consideration of equitable tolling goes beyond the scope of this opinion regarding conditional certification and the adequacy of the Plaintiffs' proposed notice.

run until a plaintiff files its written consent to be a party to the lawsuit. *Id*. Thus, the Court alters the proposed notice to limit the scope of the class action to those who "received a paycheck from Merlot within three years of the receipt of this notice."

Platinum also claims that prospective plaintiffs should be required to select which claims apply to them, or be permitted to select "all" claims. In similar cases before this Court, however, prospective plaintiffs were not required to make such legal determinations on the proposed notice form. *See Bassett*, 2010 WL 3092251, at *4-6.

The parties also disagree regarding the notice period of the proposed notice. (Def.'s Resp. 38; Pls.' Reply 38). Plaintiffs seek a ninety day notice period, whereas Platinum seeks thirty days. (Def.'s Resp. 38; Pls.' Reply 38). The standard in FLSA cases in this jurisdiction is the middle ground of sixty days. *See id*. (allowing a notice period of sixty days). Thus, the proposed notice will contain a notice period of sixty days.

Platinum requests inclusion of several provisions related to informing the proposed plaintiffs of procedural issues in the case.[2] (Def.'s Resp. 39). Such language has been held to "confuse" the issues in a notification form and thus shall not be included in the proposed notice. *See id*. at *4-5 (finding information related to informing plaintiffs of their ability to obtain independent counsel served only to "confuse this issue").

Finally, Platinum argues that the heading "United States District Court Western District of Kentucky" should be removed from the first page of the proposed consent form. Platinum asserts that such a heading suggests to prospective plaintiffs the Court supports the Plaintiffs' lawsuit. (Def.'s Resp. 38). This argument is without merit. It is standard practice in this jurisdiction that such headings appear on notice and consent forms. *See Bassett*, 2014 WL

---

[2] Platinum seeks to add information to the proposed notice form related to informing plaintiffs of their right to separate counsel, right to contact defense counsel, and attorneys' fees.

3092251, at *5; *see also Ross v. Jack Rabbit Servs., LLC*, No. 3:14-CV-00044-TBR, 2014 WL 2219236, at *5 (W.D. Ky. May 29, 2014).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Conditional Class Certification (DN 54) is **GRANTED**. The Court **ADOPTS** the proposed notice form with modifications and Plaintiffs' proposed consent form is adopted without modification. A sample of the approved notice form is attached to this Memorandum Opinion and Order.

**Greg N. Stivers, Judge**
**United States District Court**
October 26, 2015

cc: counsel of record

**NOTICE OF PENDING LAWSUIT**
**TO RECOVER REGULAR AND OVERTIME WAGES**

TO: Employees at Eddie Merlot Fine Dining, Inc. (hereafter "Merlot") who have held the positions of Server, Cocktail Server, Bartender, or any other tipped, non-management position and received a paycheck from Merlot within three years of the receipt of this notice and/or who are currently holding these positions.

RE: Fair Labor Standards Act ("FLSA") lawsuit against Merlot.

## I. INTRODUCTION

The purpose of this Notice is (1) to inform you of the existence of a lawsuit; (2) to advise you how your rights may be affected by this lawsuit; and (3) to instruct you on the procedure for joining this lawsuit, should you choose to do so.

## II. DESCRIPTION OF THE LAWSUIT

The lawsuit is filed against Merlot by Michael Parsley, Lauren Green, Mary Ragsdale, Allen Gibson, Gary Zeck, Ashley Kilkelly, Chris Stevenson, Chris Watson, and Samantha Williams, individuals who have worked previously as Servers, Cocktail Servers, or Bartenders for Merlot. Plaintiffs allege that Merlot violated the Fair Labor Standards Act by requiring improper sharing of the tip pool, requiring employees to spend more than 20% of each shift performing job duties which did not result in tips, and requiring employees to work off the clock. The lawsuit seeks to recover double the amount of money a Server, Cocktail Server, Bartender, or any other tipped, non-management employee would have earned if Merlot had paid the employee the standard, nontipped minimum wage rather than taking the tip credit for the employee and paying a reduced minimum wage. Plaintiffs allege Merlot denied Servers, Cocktail Servers, Bartenders, and other tipped, non-management employees payment of the standard minimum wage.

## III. TO JOIN THIS LAWSUIT

If you are a current or former Server, Cocktail Server, Bartender, or other tipped, non-management employee employed by Merlot and have received a paycheck within the last three years from the receipt of this notice, and wish to join this lawsuit, you must sign, date, and mail the attached Consent to Become Party Plaintiff form to the Court by ___________, ______ (60 days from date of mailing). The address of the Court is:

**Clerk of the Court**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**Gene Snyder United States Courthouse**
**601 West Broadway, Suite 106**
**Louisville KY 40202-2238**

If you choose to join this suit, you will be bound by the judgment. However, you are not required to join in this lawsuit and if you do not join you will not be bound by any judgment in the lawsuit. While this suit is proceeding, you may be required to provide information, appear for deposition, and/or testify in court.

**IV. NO RETALIATION PERMITTED**

Federal law prohibits Merlot from retaliating against you for joining this lawsuit.

**VI. NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE**

This Notice is for the sole purpose of determining the identity of those persons who wish to be involved in this lawsuit. Although the United States District Court for the Western District of Kentucky has authorized the sending of this Notice, the Court expresses no opinion regarding the merits of the Plaintiffs' claims or Merlot's defenses.

**VII. LEGAL REPRESENTATION IF YOU JOIN THE LAWSUIT**

The names and addresses of Plaintiffs' attorneys are:

Garry R. Adams
Clay Daniel Walton & Adams PLC
462 South Fourth Street, Suite 101
Louisville, Kentucky 40202

Robert F. Childs, Jr.
H. Wallace Blizzard
Daniel Arciniegas
Wiggins, Childs, Quinn & Pantazis, LLC,
301 19th Street North
Birmingham, Alabama 35203

For further information about how to become a party plaintiff, you may telephone: (205) 314-0500.