UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **LAUREN GREEN**, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * Civil Action No. 3:14-CV-00439-GNS |
| v. | * |
| | * |
| **PLATINUM RESTAURANTS** | * |
| **MID-AMERICA LLC,** | * |
| | * |
| Defendant. | |

## AMENDED AGREED LITIGATION PLAN

## AND DISCOVERY SCHEDULE OUTLINE

Pursuant to the Order For Meeting & Report issued by the Court on March 25, 2015 (ECF-48), and in response to the Court's Memorandum Opinion and Order granting Plaintiffs' Motion for Conditional Certification entered on October 26, 2015 (ECF-63), the parties hereby submit the following Amended Agreed Litigation and Discovery Schedule Outline.

The parties have conferred and agree as follows:

**BRIEFLY DESCRIBE CLAIMS:** Plaintiffs seek to recover unpaid wages allegedly owed to the named Plaintiffs and other Servers, Cocktail Servers, Bartenders, and any tipped, non-management employees of the Defendant pursuant to the Fair Labor Standards Act ("FLSA") and, though pendent jurisdiction, the Kentucky Wage and Hours Act ("KWHA"). The Court has granted the Plaintiffs' motion to certify this case as a collective action under the FLSA.

Defendant disagrees with Plaintiffs' description of their claims to the extent Plaintiffs assert that they are pursuing any KWHA claims on behalf of anyone besides the named Plaintiffs. Such representative claims under the KWHA have been categorically dismissed with prejudice by the Court. (ECF No. 40 at 6; ECF No. 63 at 6-7.)

**THE PARTIES BELIEVE THAT A SCHEDULING CONFERENCE WOULD BE HELPFUL NOW IN THIS CASE:** Yes _X___ No ___

**PRE-DISCOVERY DISCLOSURES** (Fed.R.Civ.P.26(a)(1)) by: December 21, 2015.

**PRELIMINARY DISCOVERY:**

Discovery on matters pertaining to certification of this matter as a collective action shall be completed no later than six months following the expiration of the 60-day opt-in period. Plaintiffs shall be entitled to issue notice upon entry of the Court's Scheduling Order. Defendant shall provide to Plaintiffs the names and last reported addresses of its employees and/or former employees to whom notice will be sent as part of its Pre-Discovery disclosures to Plaintiffs.

**SPECIAL INSTRUCTIONS RE: INTERROGATORIES, REQUESTS FOR ADMISSION AND DEPOSITIONS:**

Plaintiff's position:

The limits on the number of interrogatories and requests for admission imposed by the Federal Rules of Civil Procedure apply to all litigation in this case taken as a whole; thus, parties may only serve 25 interrogatories, not 25 interrogatories on the issues of collective certification and another 25 interrogatories after certification.

Defendant's position:

Defendant agrees with Plaintiff's proposal, but only to the extent Defendant is permitted to serve 25 interrogatories and requests for admission upon each named and opt-in Plaintiff.

**IDENTIFY EXPERTS AND COMPLIANCE**

With Fed.R.Civ.P. 26(a)(2) with respect to the issue of collective action certification only:

    From Plaintiff(s) by: two months after the 60-day opt-in period (original)

    From Defendant(s) by: three months after the 60-day opt-in period

    From Plaintiffs by: four months after the 60-day opt-in period (rebuttal)

**JOINDER(S) OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS** shall be due by:

Plaintiff's position:

Plaintiff may join additional parties and amend the pleadings no later than 30 days after the deadline for opt-in Plaintiffs to join the case.

Defendant's position:

The parties may move for leave to add additional parties or to amend the pleadings no later than 30 days after the entry of the Court's Scheduling Order.

**OTHER MISCELLANEOUS MATTERS:** (any further additions)

Plaintiff's position:

Plaintiffs respectfully renew their motion for equitable tolling (ECF-33) in light of the delay involved in ruling on Defendant's motion to dismiss (ECF-13) and motion for conditional certification (ECF-54). As set out in that motion, "[a] court may invoke the doctrine of equitable tolling in FLSA actions as a general matter." *Biggs v. Quicken Loans, Inc.*, 2014 U.S. Dist. LEXIS 26542, *13 (M.D. Mich. February 19, 2014); *Hughes v.Reg. VII Area Agency on Aging*, 542 F.3d 169, 187-88 (6th Cir. 2008). In addition, the passing of Senior District Judge John G. Heyburn II after chronic illness constitutes "extraordinary circumstances"which further support tolling in this specific case.

Defendant's position:

Defendant requests that any renewal of Plaintiffs' motion for equitable tolling be done by formal motion so that Defendant will have an opportunity to respond to the motion in writing.

## ALL DISCOVERY:

All discovery shall be limited to matters pertaining to certification of this matter as a collective action until the expiration of the six-month Preliminary Discovery period identified above. Any discovery relating to damages (including but not limited to liquidated damages) and time and payroll records shall be DEFERRED during this six-month period unless relevant to the issue of whether this matter should be certified as a collective action. The parties request that the Court conduct a discovery status conference at the expiration of this six-month period in order to assess the status of discovery and its scope going forward; the parties shall contact the Court to schedule this status conference. If Plaintiffs amend their complaint, the parties will re-visit the effect of such amendment on the discovery schedule.

## THE PARTIES SHALL SUPPLEMENT ALL DISCLOSURES AND RESPONSES AS REQUIRED BY FED.R.CIV.P.26(E) WITHIN A REASONABLE TIME BUT NO LATER THAN: 30 days before trial.

## DISPOSITIVE MOTIONS

The parties request that a deadline for filing dispositive motions be established at a future conference.

## THE PARTIES WOULD LIKE A SETTLEMENT CONFERENCE:
**Month/Year:**

The parties do not believe that a settlement conference is appropriate at this time. If it appears that a settlement conference will be helpful, the parties will notify the Court at that time.

**PRE-TRIAL CONFERENCE:** Month/Year:

The parties request that a date for a pretrial conference be established by a future conference.

The parties categorized this case as:

Complex _____X_____ (Ready for trial within 2 years)

Simple _____ (Ready for trial in less than one year)

Other _____ (Explain) _____

## **THIS CASE SHOULD BE READY FOR TRIAL**

By a date established by a future conference.

## **THE PARTIES WOULD LIKE FOR THE COURT TO SET A TRIAL DATE NOW:**

Yes _____ No __X__

## **ANTICIPATED LENGTH OF TRIAL:**

The parties submit that it is premature to predict the anticipated length of trial at this time.

## **JURY TRIAL REQUEST:** Yes __X__ No _____

Agreed to by:

*/s/ Garry R. Adams, Jr. (with permission)*
Garry R. Adams , Jr. (KBA No. 88340)
garry@justiceky.com
CLAY, DANIEL WALTON & ADAMS, PLC
462 South Fourth Street
Suite 101
Louisville, KY 40202
Telephone: (502) 561-2005
Facsimile: (502) 589-5500

*/s/ Robert F. Childs, Jr. (with permission)*
Robert F. Childs (*Pro Hac Vice*)
rchilds@wigginschilds.com
H. Wallace Blizzard (*Pro Hac Vice*)
wblizzard@wigginschilds.com
Daniel Arciniegas (*Pro Hac Vice*)
Darciniegas@wigginschilds.com
WIGGINS, CHILDS, PANTAZIS,
  FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street, North
Birmingham, AL 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

*Counsel for Plaintiffs*

*/s/ Kyle D. Johnson*
John T. Lovett
jlovett@fbtlaw.com
Kyle D. Johnson
kjohnson@fbtlaw.com
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Telephone: (502) 589-5400
Facsimile: (502) 581-1087

*Counsel for Defendant*
*PLATINUM RESTAURANTS*
*MID-AMERICA LLC*