UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| LAUREN GREEN, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PLATINUM RESTAURANTS MID- ) <br> AMERICA LLC d/b/a EDDIE MERLOT'S ) <br> PRIME AGED BEEF AND SEAFOOD, ) <br> ) <br> Defendant/Counterclaim Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LAUREN GREEN, et al., ) <br> ) <br> Counterclaim Defendants. ) | *Electronically Filed* <br><br> Civil Action No.: 3:14-cv-439-GNS |

**COUNTERCLAIM PLAINTIFF'S RESPONSE TO COUNTER DEFENDANTS'
RENEWED MOTION TO DISMISS**

In Response to the Renewed Motion to Dismiss (ECF No. 128) filed by Counterclaim Defendants Lauren Green, Michael Parsley, Ashley Kilkelly, Chris Watson, Samantha Williams, Charlie Hart, Kyle Higgins, Shannon Loss, and Mikel Williams (collectively, "Counter Defendants" or "Bartenders"), Counterclaim Plaintiff Platinum Restaurants Mid-America LLC d/b/a Eddie Merlot's Prime Aged Beef and Seafood ("Counterclaim Plaintiff" or "Platinum") provides the following Response.

**I.     INTRODUCTION**

Platinum has asserted a straightforward claim of unjust enrichment. At its core, Platinum's counterclaim is premised upon the fact that Bartenders received a substantial benefit by electing

to participate in the Tip Sharing Agreement with Plaintiffs/Servers[1] at Platinum's Louisville restaurant. Specifically, Bartenders typically received a portion of each Server's tips equivalent to 1% of each Server's sales. While Bartenders now claim that they were unlawfully required to remit a portion of their own tips to other members of the service team, they apparently had no problem *accepting and retaining* the tips they received from Servers. Indeed, on any given shift, Bartenders received *substantially more tips* from the tip share than they contributed to the tip share.

The purpose of Platinum's counterclaim is to prevent the unjust enrichment that would arise if Bartenders were permitted to both challenge the Tip Sharing Agreement and retain the benefit they received from it. This is particularly true because the underlying claim is premised on the argument that the tips accepted by Bartenders actually belong to Servers. Thus, Bartenders are primarily liable for those tips. In the unlikely event that Platinum is required to compensate Servers for the tip claim they have asserted against Platinum, Platinum would be equitably subrogated to the rights of Servers to pursue Bartenders for those tips.

## II.  ARGUMENT

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must construe the complaint in the light most favorable to the counterclaimant and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp.* v. *Twombly*, 550 U.S.

---

[1] The Tip Sharing Agreement is an agreement in which the service team members who receive tips from customers agree to share their tips with other members of the service team. Servers and Bartenders typically share a portion of their tips equivalent to 2% of sales with food runners and bussers. In addition, Servers typically share a portion of their tips equivalent to 1% of sales with Bartenders.

2

544, 563 (2007). "Specific facts are not necessary," *Erickson*, 551 U.S. at 93, and a plaintiff is not required "to plead facts in support of every arcane element of his claim." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988) (quotation omitted). Instead, the complaint need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555) (internal ellipses and quotation marks omitted). In this case, "the burden on the plaintiff is only to allege sufficient facts to show unjust enrichment is a ***plausible*** claim for relief." *Holley Performance Prods., Inc. v. Keystone Auto. Operations, Inc.*, No. 1:09, CV-00053-TBR, 2009 WL 3613735, at *6 (W.D. Ky. Oct. 29, 2009) (emphasis added).

### A. Platinum has alleged sufficient facts to support a claim for Unjust Enrichment/Equitable Subrogation.

#### 1. Background of claims for Unjust Enrichment/Equitable Subrogation.

To prevail under a theory of unjust enrichment, a party need only demonstrate three elements: "(1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value." *Guerin v. Fulkerson*, 354 S.W.3d 161, 165 (Ky. Ct. App. 2011) (citing *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. Ct. App. 2009)); *see also Guar. Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1380–81 (W.D. Ky. 1987). Equitable subrogation has long been recognized as a claim that may be asserted to prevent unjust enrichment. *See Wells Fargo Bank, Minn., N.A. v. Commonwealth*, 345 S.W.3d 800, 806 (Ky. 2011) (citing *Louisville Joint Stock Land Bank v. McNeely*, 102 S.W.2d 389 (Ky. 1937)). While conventional subrogation arises by contract or agreement, "[l]egal or equitable subrogation arises by operation of law," *Commercial Standard Ins. Co. v. Am. Emp. Ins. Co.*, 209 F.2d 60, 64 (6th Cir. 1954), and "permits a creditor who pays the debt of another to stand in the shoes of the original creditor, enjoying all rights and remedies of the original creditor."

3

*Mortg. Elec. Registration Sys., Inc. v. Roberts*, 366 S.W.3d 405, 408 (Ky. 2012) (quoting *Wells Fargo*, 345 S.W.3d at 806).

The requisites for equitable subrogation are usually described as "(1) payment by one of the debt of another; (2) subrogee is not a volunteer; (3) the debt is not one for which the subrogee is primarily liable; (4) the entire debt must be paid unless the others who made payment are joined; and (5) subrogation must not work any injustice to the rights of others." *Bryan v. Henderson Elec. Co.*, 566 S.W.2d 823, 825 (Ky. Ct. App. 1978). However, the doctrine also "benefits from the flexibility of application that is characteristic of all equitable remedies." *In re Air Crash Disaster*, 86 F.3d 498, 549 (6th Cir. 1996). It is "broad enough to include every instance in which one party pays the debt for which another is primarily answerable." *Id.* (citing *Allstate Ins. Co. v. Snarski*, 435 N.W.2d 408, 411 (Mich. App. 1988)). The doctrine "prevent[s] unjust enrichment by assuring that the person who in equity and good conscience is responsible for the debt is ultimately answerable for its discharge." *Id.* (citing *Kala Invs., Inc. v. Sklar*, 538 So. 2d 909, 917 (Fla. App. 1989)).

At the pleading stage, courts routinely deny motions to dismiss claims for unjust enrichment. In *Holley*, for example, Judge Russell denied a motion to dismiss a claim for unjust enrichment where the plaintiff, Keystone, had alleged that "[a] benefit was conferred upon Holley at Keystone's expense, which benefit was conferred as a result of Keystone's purchases and Holley's inappropriate retention of certain accounting credits." *Holley*, 2009 WL 3613735, at *4. Judge Russell concluded that the allegations in the complaint "establishes Keystone's claim for unjust enrichment." *Id.*; *see also Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 611 (W.D. Tenn. 2011) (plaintiff alleged facts showing claim for unjust enrichment because injustice, while speculative, was plausible); *Doe v. Cin-Lan, Inc.*, No. 08-cv-12719, 2010

WL 726710, at *7 (E.D. Mich. Feb. 24, 2010) (defendant successfully pled counterclaim for unjust enrichment where plaintiff alleged FLSA violation).

### 2. Platinum has alleged a plausible claim for relief.

Platinum's counterclaim clearly states facts that provide Counter Defendants with notice of Platinum's claim and the grounds upon which it rests. As in *Holley*, Platinum has pled more than sufficient facts and details to support a claim for unjust enrichment. As stated in Platinum's counterclaim, Bartenders are primarily liable for Servers' alleged tip-claim injury. "[S]ervers generally shared a portion of their tips with Counter Defendants that was equivalent of 1% of each servers' sales." (Countercl. ¶ 21, ECF No. 120.) As a result, Bartenders each received and retained tips distributed to them from Servers in amounts ranging from $140.00 to $46,500.00. (*Id.* at ¶¶ 22, 28, 34, 40, 46, 52, 58, 64, 70). As stated in Platinum's counterclaim, these tips were paid to Bartenders by Servers out of the tips that Servers received from customers. (*Id.* at ¶ 21). As stated in Platinum's counterclaim, Bartenders voluntarily accepted tips that they knew were contributed to the tip share by Servers and that were distributed to them in accordance with the Tip Sharing Agreement that they signed. (*Id.* at ¶¶ 23, 29, 35, 41, 47, 53, 59, 65, 71). And, as stated in Platinum's counterclaim, Bartenders now allege that the Tip Sharing Agreement was invalid, yet Bartenders have not returned any tips to Servers. (*Id.* at ¶¶ 24–27, 30–33, 36–39, 42–45, 48–51, 54–57, 60–63, 66–69, 72–75).

Platinum's claim for equitable subrogation to prevent unjust enrichment is more than plausible. Because Bartenders voluntarily accepted and are in possession of tips that allegedly belong to Servers, *they* are primarily liable for those tips. If Platinum becomes obligated to reimburse Servers for those tips, Platinum will involuntarily pay the debt of another for which Bartenders are primarily liable. As stated in Platinum's counterclaim, to prevent unjust

5

enrichment, equitable subrogation allows Platinum to step into Servers' shoes and pursue a claim against Bartenders in equity for those payments. (Countercl. ¶¶ 78–80).

> 3. **Platinum has sufficiently alleged a benefit conferred upon Bartenders at Platinum's expense, and the claim for Unjust Enrichment is not otherwise barred.**

In their Motion to Dismiss, Counter Defendants contend that "Defendant failed to allege that there was any benefit conferred upon Plaintiffs at Defendant's expense." (Pls.' Renewed Mot. Dismiss at 10). Platinum does not allege that a benefit was conferred upon **Plaintiffs/Servers** at Platinum's expense. Rather, Platinum's position is that, if it becomes legally obligated to reimburse Servers for a debt for which Bartenders are primarily liable, Platinum will have conferred a benefit upon **Counter Defendants/Bartenders** at Platinum's expense — i.e., it will have extinguished the claim Servers have against Bartenders for recovery of the tips. Equitable subrogation allows Platinum to seek repayment from Bartenders, because they would be primarily liable for Servers' alleged injury.

In addition, Counter Defendants argue that the doctrine of unjust enrichment has no application where there is an explicit contract. (*Id.* at n.3). This argument is disingenuous because Bartenders have argued and alleged that the Tip Sharing Agreement is invalid. Moreover, the case upon which they rely, *Shane v. Bunzl Distrib. USA, Inc.*, 200 F. App'x 397, 404 (6th Cir. 2006), is inapposite. *Shane* merely stands for the proposition that when a court has found a binding, valid contract to exist, a claim for unjust enrichment that mirrors a breach of contract claim must ultimately be dismissed. *Shane*, 200 F. App'x at 404. Numerous courts have recognized that at the pleading stage, unjust enrichment claims can be asserted alongside a breach of contract claim. *See Holley*, 2009 WL 3613735, at *5 (citing *U.S. ex rel. Tillson v. Lockheed Martin Energy Sys., Inc.*, No. 5:00CV-39-M, 2004 WL 2403114, at *26 (W.D. Ky. Sept. 30, 2004) ("Generally, a plaintiff may not recover on both a claim for breach of contract and a claim for unjust enrichment."

6

However, "a party is permitted pursuant to Fed. R. Civ .P. 8(e)(2) to state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.")). In any event, this argument is irrelevant because Platinum has not brought a breach of contract counterclaim.

    **B.**  **Platinum has Standing to bring a counterclaim for Unjust Enrichment.**

To have standing, a plaintiff must demonstrate: (1) that he has suffered or **imminently will suffer** an injury in fact, (2) causation, and (3) redressability. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–03 (1998). "At its essence, Article III standing requires the plaintiff to have some personal and particularized stake in the dispute." *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 253 (6th Cir. 2014) (citing *Raines v. Byrd*, 521 U.S. 811, 818–19 (1997)). Counter Defendants assert that Platinum lacks standing to bring its counterclaim because Platinum does not possess a property interest in the tips paid into the tip pool. This assertion entirely misconstrues the nature of Platinum's counterclaim. Platinum does not claim a property interest in the tips. Instead, Platinum claims that if it is required to reimburse Servers for a debt for which Bartenders are primarily liable, it will suffer an injury in fact. Through equitable subrogation, Platinum may acquire Servers' right to pursue a claim against Bartenders to prevent unjust enrichment, thus redressing its injury.

The fact that Platinum's claim against Bartenders is contingent on Servers' underlying claim against Platinum does not deprive Platinum of standing to bring its counterclaim. Indeed, the Federal Rules of Civil Procedure specifically contemplate this type of subrogation action, brought *before* the question of a defendant's own liability has been determined. *See, e.g., Vaughn v. Terminal Transp. Co.*, 162 F. Supp. 647 (E.D. Tenn. 1957) (impleader not precluded just because right to recover from third-party would not accrue until principal case concluded). Rule 14(a) of the Federal Rules permits a defending party to implead another "who is *or may be* liable

7

to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed R. Civ. P. 14(a) (emphasis added).

Rule 14 permits parties "whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 804 (6th Cir. 2008). The purpose of impleader is to "avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against a third-party defendant." *Jackson & Church Div., York-Shipley, Inc. v. Miller*, 414 S.W.2d 893, 894 (Ky. 1967) (CR 14 provides procedural machinery for determining in one action whether a right to contribution or indemnity may prove to exist); *see also DeHart v. Lavit*, No. 2013-CA-001330-MR, 2014 WL 4525763, at *5 (Ky. Ct. App. Sept. 12, 2014) (impleader appropriate where defendant's claim against third-party is contingent upon a finding of defendant's liability to plaintiff for the original claim).[2]

Numerous courts have applied these concepts to subrogation claims, even where a defendant has not yet paid the party through whom it claims subrogation rights. *See, e.g.*, *Int'l Harvester Co. v. Gen. Ins. Co. of Am.*, 45 F.R.D. 4, 8 (E.D. Wis. 1968) (under 14(a), defendant may implead third-party on subrogation theory; that third party has not paid or may not have to

---

[2] In *Edester v. Heady*, 364 S.W.2d 811 (Ky. 1963), the court held that where the proposed third-party defendant is a joint plaintiff, the counterclaim may proceed as would a third-party complaint. The court reasoned that the result "would be identical" had the court "severed the two claims and then permitted the third-party complaint to be filed as provided under CR 14.01." *Id*. The court opined that Rule 14.01 regarding third-party practice "should be modified so as to specifically permit a defendant to name a joint plaintiff as a third-party defendant," and that allowing the counterclaim to proceed served the court's interest in "avoiding unnecessary costs, delays and further litigation." *Id*. at 813–14.

8

pay the claim is immaterial); *Esslinger's Inc. v. London Guar. & Acc. Co.*, 30 F.R.D. 559, 559–60 (E.D. Pa. 1962) (defendant was entitled to join as third-party employees on theory that defendant would be subrogated to plaintiff's rights against the employees and customers); *St Paul Fire & Marine Ins. Co. v. U.S. Lines Co.*, 258 F.2d 374 (2d Cir. 1958) (third-party impleader practice encompasses subrogation claims); *Trustees of the Sheet Metal Workers' Local Union No. 80 Pension Trust Fund v. W.G. Heating & Cooling*, 555 F. Supp. 2d 838, 848–49 (E.D. Mich. 2008) (citing Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.) ("The secondary or derivative liability notion is central [to a Rule 14(a) impleader] and it is irrelevant whether the basis of the third-party claim is indemnity, ***subrogation***, contribution, express or implied warranty, or some other theory.") (emphasis added)); *cf. DeHart*, 2014 WL 4525763, at *5 ("The trial court acted within its discretion in permitting impleader of DeHart. In its most basic form, Lavit's claim against DeHart is contingent upon a finding of Lavit's liability to [the plaintiff] for the original claim, and it seeks to transfer that liability to DeHart. This is permissible under CR 14.01.").

In this case, the decision in the underlying claim will undoubtedly affect the rights of Platinum with respect to its claim against Counter Defendants. If Platinum becomes legally obligated to reimburse Servers for their tip-pool claim, Platinum would bring a second action to recover from Bartenders that amount for which Bartenders are primarily liable. If Platinum is permitted to bring its counterclaim now, however, the two actions may be tried together, saving the court and all those involved considerable time and resources. Because Platinum will suffer an injury if it is legally obligated to pay a debt for which Bartenders are primarily liable, and because Platinum may bring its subrogation claim before it has made any obligatory payments, Platinum has standing to bring its counterclaim.

### C. The counterclaim is neither redundant nor barred by the FLSA.

Counter Defendants allege that the counterclaim is barred because Platinum has pled an offset within its affirmative defenses and because counterclaims and offsets are "disfavored" in FLSA cases. Counter Defendants are wrong for several reasons. First, while a counterclaim and offset defense may appear similar, they are two different devices, providing different mechanisms for relief. By filing a counterclaim, defendants can seek, among other things, a declaratory judgment, an accounting, or affirmative relief for damages — remedies not available by pleading an offset defense. *See, e.g.*, *Wagoner v. N.Y.N.Y., Inc.*, No. 1:14-cv-480, 2015 WL 1468526, at *5 (S.D. Ohio Mar. 30, 2015) (explaining that defendant's counterclaims seek relief beyond a defensive offset, including affirmative relief for damages); *CSX Transp. v. Globe Metallurgical, Inc.*, No. 2:05-CV-683, 2007 WL 1567690, at *8 n.4 (S.D. Ohio May 25, 2007) (distinguishing between an offset defense and a permissive counterclaim); *Lombardi v. City of Cornersville, TN*, No. 1:06-0072, 2007 WL 190324, at *2 (M.D. Tenn. Jan. 22, 2007) ("Unjust enrichment is a separate cause of action, not a defense."). Platinum's counterclaim specifically requests relief beyond an offset, including entry of judgment against Counter Defendants, restitution, recovery of expenses, costs and attorney's fees, prejudgment and post judgment interest, and any and all other relief to which Platinum may be entitled.

Second, offset defenses are simply not barred by the FLSA. *See, e.g.*, *Herman v. Fabri-Centers of Am., Inc.*, 308 F.3d 580 (6th Cir. 2002) (under FLSA, employer could use contract premiums to offset overtime owed to employees); *Martin v. Ind. Mich. Power Co.*, 292 F. Supp. 2d 947, 960 (W.D. Mich. 2002) (under FLSA, although plaintiff is entitled to be made whole, he is not entitled to windfall at defendant's expense); *Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003) (assessing damages for violation of FLSA, city's overpayments to firefighters could be offset against overtime shortfalls).

10

Third, there is no bar to bringing a counterclaim simply because a defendant has pled an offset defense. Often, defendants will bring counterclaims to demonstrate they are entitled to offset. *See, e.g., Doe*, 2010 WL 726710, at \*7 (denying motion to dismiss defendant's counterclaim of unjust enrichment seeking offset); *Wagoner*, 2015 WL 1468526 (court had jurisdiction to hear counterclaim for offset); *CSX Transp.*, 2007 WL 1567690, at \*8, n.4 (explaining that counterclaim may seek offset).

Lastly, and crucially, Counter Defendants are incorrect that counterclaims for unjust enrichment are disfavored in FLSA cases, and the cases cited by Counter Defendants on this question are neither controlling nor relevant. Counter Defendants cite only one opinion from within the Sixth Circuit, *Wagoner*. There, plaintiffs brought an FLSA claim alleging unpaid overtime. 2015 WL 1468526, at \*2. Defendant filed one counterclaim for breach of contract and a second for unjust enrichment. *Id*. Defendant sought an offset of liability arising from plaintiffs' claims, as well as an accounting and award of all fees inequitably retained by plaintiffs. *Id*. Contrary to Counter Defendants' representations, the court in *Wagoner* found it **appropriate** to exercise supplemental jurisdiction over defendant's counterclaims, despite the fact that plaintiffs' suit was brought under the FLSA.[3] *Id*. Because of the nature of those specific counterclaims, however, they were ultimately dismissed as failing to state a claim for which relief could be granted. *Id*. at \*6–7. The court found that in bringing his breach of contract counterclaim, defendant relied on contract provisions that were impermissible waivers of plaintiffs' rights. *Id*.

---

[3] In assessing whether it had jurisdiction over the counterclaims, the court in *Wagoner* noted that "[t]he statutory scheme of the FLSA provides for certain offsets and credits when appropriate, and no separate affirmative common law counterclaim is necessary to adjudicate those issues." *Wagoner*, 2015 WL 1468526 at \*5. Although the counterclaim was not "necessary" under the specific facts before that court, the court held that the counterclaims were still **permitted**, and that "[i]t would be inefficient and unnecessarily burdensome to require multiple cases be filed to adjudicate these issues." *Id.* at \*6.

11

And, because the unjust enrichment counterclaim was premised on the same arguments as the breach of contract counterclaim, it too was dismissed. *Id.* at *7.

Here, unlike in *Wagoner*, Platinum does not rely on some impermissible waiver of plaintiffs' rights to justify its counterclaim. The counterclaim before this Court is entirely distinct from those in *Wagoner*. If Platinum becomes legally obligated to reimburse Servers for tips that Bartenders received, retained, and benefited from, Platinum will be subrogated to Servers' rights against Bartenders. Thus, unlike in *Wagoner*, Platinum's counterclaim is based entirely on equitable subrogation to prevent unjust enrichment.

The other cases cited by Counter Defendants are neither controlling nor on point.[4] In support of their argument that counterclaims extending beyond offset are disfavored in FLSA cases, they cite *Donovan v. Pointon*, 717 F.2d 1320 (10th Cir. 1983), *Jones v. JGC Dallas LLC*, 2012 WL 4119570 (N.D. Tex. Aug. 17, 2012), *Morris v. Blue Sky Mgmt., LLC*, No. 11-00979-CV-DGK, 2012 WL 527936 (W.D. Mo. Feb. 16, 2012), *Hose v. Henry Indus.*, No. 13-2490-JTM, 2014 WL 5510927, at *1 (D. Kan. Oct. 31, 2014), and *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 640733 (D. Kan. Mar. 6, 2008). These cases concern counterclaims that do not share a common nucleus of operative fact with the underlying FLSA claim and thus represent

---

[4] Specifically, Counter Defendants cite *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir.1974), where the Fifth Circuit held that setoffs and counterclaims are inappropriate in cases brought to enforce the FLSA's minimum wage and overtime provisions. Almost thirty years later, the Fifth Circuit returned to the question in *Singer v. Waco*, 324 F.3d 813 (5th Cir.2003), where the court held an employer *could* off-set wage overpayments to employees. The court reconciled its holdings by observing that in *Heard*, offsets caused the final awards of many defendants to drop below the statutory minimum wage. That was not the case in *Singer*, and that is not the case now before this Court. In *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir.2010), the court again addressed the issue, affirming a district court's decision not to address the employer's counterclaims for setoff. The court explained that awards could be offset by *inappropriate* overpayments. *Id.* at 1043. Here, Platinum's counterclaim cannot cause Counter Defendants to receive less than the minimum wage. Further, the counterclaim seeks, among other things, to recover inappropriate overpayments received by Counter Defendants.

permissive counterclaims over which the courts chose not to exercise supplemental jurisdiction. They do *not* stand for the proposition that counterclaims are disfavored in FLSA cases.

Courts in the Sixth Circuit have held the opposite regarding permissive counterclaims in FLSA cases, finding "[i]t would be inefficient and unnecessarily burdensome to require multiple cases be filed to adjudicate" permissive counterclaims. *Wagoner*, 2015 WL 1468526, at *6; *see also Pyatt v. Sentek Corp.*, 2014 WL 868233, at *2 (S.D. Ohio Mar. 5, 2014) (finding court had jurisdiction to hear defendant's counterclaim for unjust enrichment where plaintiff alleged FLSA violation, and that there is no requirement that the counterclaim be compulsory to fall within the scope of § 1367(a); rather, the test is simply whether a counterclaim is sufficiently related so as to be part of the same case or controversy); *Doe*, 2010 WL 726710, at *7 (retaining defendant's counterclaim for unjust enrichment where plaintiff alleged FLSA violation); *Lombardi*, 2007 WL 190324, at *2 (denying motion to dismiss counterclaim and rejecting notion that equitable principles have no place in an FLSA case).

Here, Platinum's counterclaim is entirely appropriate. Not only is a counterclaim for unjust enrichment permitted in FLSA cases, the counterclaim is sufficiently related to the underlying claim so as to be part of the same case or controversy as Plaintiffs' underlying claim. Moreover, it would be inefficient and unnecessarily burdensome for Platinum to bring its counterclaim in a separate proceeding. Counter Defendants have already acknowledged that the question of setoff will be litigated in this case. It only makes sense that the court exercise supplemental jurisdiction over Platinum's counterclaim, which will require the court to perform a similar — if not identical — examination of the evidence and the law. Undoubtedly, allowing Platinum's claim to proceed now will save the court and all those involved considerable time and resources.

### III. CONCLUSION

For the foregoing reasons, Counterclaim Plaintiff Platinum Restaurants Mid-America LLC d/b/a Eddie Merlot's Prime Aged Beef and Seafood respectfully requests that Counter Defendants' Renewed Motion to Dismiss be denied.

Respectfully submitted,

/s/ Kyle D. Johnson
John T. Lovett
jlovett@fbtlaw.com
Kyle D. Johnson
kjohnson@fbtlaw.com
Jennifer L. Bame
jbame@fbtlaw.com
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Telephone: (502) 589-5400
Facsimile: (502) 581-1087

*Counsel for Defendant/Counterclaim Plaintiff Platinum Restaurants Mid-America, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2017, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: jlovett@fbtlaw.com; kjohnson@fbtlaw.com; garry@justiceky.com; wblizzard@wcqp.com; Rchilds@wcqp.com.

/s/ Kyle D. Johnson
Counsel for Defendant/Counterclaim Plaintiff
Platinum Restaurants Mid-America, LLC

0129526.0618730 4841-9550-3165v5