UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00439-GNS

LAURA GREEN, et al.                                                              PLAINTIFFS

v.

PLATINUM RESTAURANTS MID-AMERICA, LLC                                DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Plaintiffs' Renewed Motion to Dismiss Defendant's Counterclaim (DN 128). For the reasons set forth below, the motion is **GRANTED**.

### I. BACKGROUND

Plaintiffs—a class of similarly situated servers, cocktail servers, and bartenders (collectively "Plaintiffs")—filed this action against their employer, Platinum Restaurants Mid-America, LLC ("Defendant"), alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and Kentucky Wage and Hours Act ("KWHA") when it forced them to participate in a tip pooling agreement (the "TPA") under which it shared their tips with non-tipped employees. (Fourth Am. Collective Action ¶¶ 46-56, DN 119). Plaintiffs contend that based on the invalidity of the TPA, they are entitled to various forms of relief, including monetary damages equal to the difference between the wage Defendant paid them ($2.13 per hour) and the applicable minimum wage ($7.25 per hour). (Fourth Am. Collective Action ¶¶ 117, 120).

In response, Defendant asserted a counterclaim for unjust enrichment against certain Plaintiffs—namely, the bartenders. (Def.'s Answer & Countercl. ¶¶ 1-76, DN 120). Defendant

specifically claims that the servers and other tipped employees paid a share of their nightly tips to the bartenders under the TPA. (Def.'s Answer & Countercl. ¶ 21). Accordingly, Defendant asserts that, if the TPA is invalid, the bartenders will owe the servers a debt in an amount equal to the tips they received under the pooling agreement, and, if Defendant is required to pay the servers damages based on the invalid TPA, Defendant would effectively be discharging that debt—thereby conferring a benefit upon the bartenders at its own expense. (Def.'s Answer & Countercl. ¶¶ 77-78, 80). Thus, Defendant concludes, "it would be inequitable for [the bartenders] to retain the tips they received under the [TPA]." (Def.'s Answer & Countercl. ¶¶ 81-82).

Plaintiffs now move the Court to dismiss Defendant's counterclaim, alleging that it fails to state a claim on which relief can be granted. (Pls.' Renewed Mot. Dismiss, DN 128 [hereinafter Pls.' Mot. Dismiss]). Defendant has responded, and Plaintiffs have submitted a reply. (Def.'s Resp. Pls.' Renewed Mot. Dismiss, DN 132 [hereinafter Def.'s Resp.]; Pls.' Reply, DN 135). The subject motion is thus ripe for adjudication.

## II. JURISDICTION

This action arises under the laws of the United States and the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning*

*Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a claim is implausible if "no law supports" it. *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

## IV. DISCUSSION

Defendant asserts a counterclaim is for unjust enrichment/equitable subrogation. To state a claim for unjust enrichment under Kentucky law, a party must present facts supporting three elements: "(1) [a] benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value." *Guerin v. Fulkerson*, 354 S.W.3d 161, 165 (Ky. App. 2011) (internal quotation marks omitted) (citing *Jones v. Sparks,* 297 S.W.3d 73, 78 (Ky. App. 2009)). In addition, to prevail on a claim for equitable subrogation, a party must show, among other things, that he has or will pay the debt of another. *Bryan v. Henderson Elec. Co.*, 566 S.W.2d 823, 825 (Ky. App. 1978). A claim for equitable subrogation "prevent[s] unjust enrichment by assuring that the person who in

equity and good conscience is responsible for the debt is ultimately answerable for its discharge." *In re Air Crash Disaster*, 86 F.3d 498, 549 (6th Cir. 1996) (alteration in original) (internal quotation marks omitted) (citation omitted).

Plaintiffs argue that Defendant's counterclaim is not cognizable, and, therefore, must be dismissed. (Pls.' Mot. Dismiss 5-12). Specifically, they aver that Defendant cannot satisfy the first element of its claim because the bartenders never received a benefit "at Defendant's expense"—rather, the benefit the bartenders received (the tips) came at the expense of other employees. (Pls.' Mot. Dismiss 10 (emphasis removed)). Defendant counters that Plaintiff misunderstands its claim. In particular, Defendant contends that the bartenders *will receive* a benefit at its expense "if it is required to reimburse [the servers] for a debt"—namely, the tips the bartenders received under the TPA—"for which [the bartenders] are primarily liable." (Def.'s Resp. Pls.' Renewed Mot. Dismiss 7, DN 132 [hereinafter Def.'s Resp.]).

The Court does not perceive a meaningful difference between these two interpretations. Under either, the bartenders are conferred only one benefit: tips. That said, the operative question is whether the bartenders received that benefit at Defendant's expense.

A sister court rejected Defendant's proposition in a case dealing with a counterclaim nearly identical to the one at bar. *See Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 281, 282 (S.D.N.Y. 2011). In *Copantitla*, the defendants—in response to the plaintiffs' invalid tip pool claim—alleged that, "if it is determined that gratuity from the tip pool was improperly paid to certain plaintiffs, . . . any amount of improper payment should be used to set off any monetary judgment awarded to that plaintiff." *Id.* at 281. The court treated the claim as sounding in unjust enrichment and rejected it, reasoning that the claim had "no basis in law" and

4

was "legally insufficient" because any improperly tipped employees were enriched "at the expense of the other employees," not the defendants. *Id.* at 282.

The Court finds the reasoning in *Copantitla* persuasive and holds that Defendant's allegations do not state a legally cognizable counterclaim. As noted, the bartenders received only one benefit—the tips—which was conferred at the expense of the *servers* and other employees, not Defendant.[1] *Copantitla*, 788 F. Supp. 2d at 282. Defendant cites no authority supporting the proposition that a judicial order holding the TPA invalid would somehow convert the servers into the bartenders' creditors. Accordingly, it appears that no law supports Defendant's counterclaim, and, therefore, the claim will be dismissed. *Southfield Educ. Ass'n*, 570 F. App'x at 487 (stating that a claim "will be dismissed pursuant to Rule 12(b)(6) if no law supports [it] . . . ." (citing *Twombly*, 550 U.S. at 561-64)).

## V.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Renewed Motion to Dismiss Defendant's Counterclaim (DN 128) is **GRANTED**.

Greg N. Stivers, Judge
United States District Court
December 11, 2017

cc: counsel of record

---

[1] Defendant acknowledges in its counterclaim that the servers conferred the tips upon the bartenders. (Def.'s Answer & Countercl. ¶ 21).