UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14-CV-439-RGJ

**LAUREN GREEN**, *et al.*,                                                                                         **PLAINTIFF**

v.

**PLATINUM RESTAURANTS
MID-AMERICA, LLC** *d/b/a*
**EDDIE MERLOT'S PRIME
AGED BEEF AND SEAFOOD.**,                                                                                 **DEFENDANT**

### MEMORANDUM OPINION & ORDER

Defendant moves to decertify the conditionally certified class of plaintiffs alleging violations of the Fair Labor Standards Act ("FLSA") ("Motion"). [DE 142]. Plaintiffs responded, [DE 189], and Defendant replied, [DE 195]. Plaintiffs filed a surreply, [DE 199], to which Defendant responded, [DE 201], and Plaintiffs replied, [DE 206]. The Court requested that all interrogatories be filed of record, to better assess the merits of the Motion. [DE 222]. Plaintiffs' responded and filed the requested documents. [DE 227]. This matter is ripe. For the reasons below, Named Plaintiffs, Lauren Green, Michael Parsley, Mary Ragsdale, Allen Gibson, Gary Zeck, Ashley Kilkelly, Chris Stevenson, Chris Watson, and Samantha Williams (collectively "Named Plaintiffs") are dismissed from the collective class action claim because they did not opt-in, Plaintiffs are granted leave to substitute one or more opt-in Plaintiffs as named plaintiffs, and Defendant's motion to decertify [DE 142] is **DENIED WITH LEAVE TO REFILE**.

### BACKGROUND

Named Plaintiffs brought this hybrid collective action and putative class action against the Defendant, Platinum Restaurants Mid-America, LLC ("Platinum"), for alleged violations of FLSA and Kentucky wage and hour laws. [DE 1]. Platinum owns Eddie Merlot's Prime Aged Beef and

Seafood Restaurant in Louisville Kentucky ("Eddie Merlot's"). [DE 145]. Named Plaintiffs are former or current Eddie Merlot's servers, bartenders, or other tipped non-management employees. [*Id.*]

Previously, on motion by the Named Plaintiffs, the Court conditionally certified a FLSA opt-in class consisting of all Servers, Cocktail Servers, and Bartenders that worked at Eddie Merlot's within three years before the lawsuit was filed. [DE 63]. The Court allowed Plaintiffs' allegations to proceed collectively: (1) that "they were forced to participate in a 'tip pooling' agreement in which tips were shared with management and kitchen staff'" ("Tip Credit Claim"); (2) that "they were forced to perform non-tipped duties while being paid below minimum wage" ("Side Work Claim"); and (3) that they "were forced to work off the clock for certain periods of time" ("Off-the-Clock Claim"). [*Id.*]. Potential plaintiffs had until April 29, 2016 to opt-in to the collective action by filing consent forms with the Court. [DE 68].

Twenty-seven current and former employees of Eddie Merlot's filed opt-in consent forms with the Court. The Named Plaintiffs did not file consent forms with the Court. However, on August 1, 2014, Lauren Green, Michael Parsley, and Mary Ragsdale submitted sworn declarations to the Court in connection with the FLSA collective action. [DE 17, Ex. B, C & D]. In these declarations, each Plaintiff described the position they held at Eddy Merlot's and their experience working there. [*Id.*]. Additionally, on December 15, 2016, Michael Parsley, Allen Gibson, Chris Stevenson, Christopher Watson, and Samantha Williams, represented the collective action's interest during mediation before Magistrate Judge Whalin. [DE 98]. Finally, in February 2017, seven of nine of the Named Plaintiffs served sworn answers to interrogatories.[1] [DE 189, Ex. 29,

---

[1] Plaintiffs claimed that each of the Named Plaintiffs served sworn responses to the Defendant's Rule 33 interrogatories, [DE 189, p. 34], but only provided the Court with Named Plaintiff Gary Zeck's responses. [DE 189, Ex. 29, J-83]. In response to the Court's order [DE 222], the Plaintiffs provided the Court with all the responses. [DE 227].

DE 227, Exhs. 1, 3-6, 8-9]. Those Named Plaintiffs were Lauren Green, Mary Ragsdale, Allen Gibson, Gary Zeck, Ashley Kilkelly, Chris Watson, and Samantha Williams. [DE 227, Exhs. 1, 3-6, 8-9]. Michael Parsley and Chris Stevenson did not serve sworn interrogatory responses until after the Court's September 3, 2019 Order. [DE 222, Exhs. 2, 7]. But both provided substantive information in response to the interrogatories to Platinum on January 21, 2018. [*Id.*] Platinum also asked Michael Parsley about his interrogatories during his deposition. [DE 189, Exh. 25, DE 29, Exh. 21].

For various reasons, and with the Rule 23 putative class claims still pending, Platinum moves to decertify the FLSA class.

## DISCUSSION

A. <u>The Named Plaintiffs Failed to Timely Opt Into the Collective Action</u>.

To proceed collectively under the FLSA, plaintiffs must be similarly situated. 29 U.S.C. § 216(b); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009). As a result, the "lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs." *O'Brien*, 575 F.3d at 583. "Unlike class actions under Fed. R. Civ. P. 23, collective actions under the FLSA require putative class members to opt into the class." *Id.* at 583; *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Courts have consistently held that even named plaintiffs in collective actions must file consents. *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 675-76 (6th Cir. 2012) ("courts construe the above language to do what it says: require a named plaintiff in a collective action to file a written consent to join the collective action."); *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir.2004) ("if you haven't given your written consent to join the suit, or

if you have but it hasn't been filed with the court, you're not a party. It makes no difference that you are named in the complaint, for you might have been named without your consent. The rule requiring written, filed consent is important because a party is bound by whatever judgment is eventually entered in the case . . . [w]e are inclined to interpret the statute literally."); *Royster v. Food Lion,* Nos. 94–2360, 97–1443, 97–1444, 94–2645, 95–1274, 1998 U.S.App. LEXIS 11809, at *40, 1998 WL 322682 (4th Cir. June 4, 1998) ("'[u]ntil a plaintiff, even a named plaintiff, has filed a written consent, [ ]he has not joined the class action, at least for statute of limitations purposes.'").

In construing the language of § 216, the Sixth Circuit has stated, "[t]o bring a collective FLSA action, a plaintiff must file a written consent to opt-in to the collective action," *Frye,* 495 F. App'x at 75 (citing 29 U.S.C. § 216(b), and "[f]or purposes of the statute of limitations, the filing of the written consent 'commences' an FLSA collective action . . ." *id*. (citing 29 U.S.C. § 256). In rejecting the argument that a named plaintiff need not file a written consent, the Sixth Circuit said that the plain language of the FLSA "unambiguously provides" that a collective action does not commence until the date the complaint is filed and a party plaintiff files a written consent to join the collective action. *Id*. The court also held that a later-filed written consent does not relate back to the date the complaint was filed, for statute of limitations purposes, and an attorney's filing of a collective action complaint does not satisfy the written consent requirement. *Id.* at 676.

Platinum claims that the "Named Plaintiffs are not similarly situated to the opt-in Plaintiffs, because, unlike the opt-in Plaintiffs, the Named Plaintiffs never filed opt-in forms," and that the "Court should decertify this action on that ground alone." [DE 195]. Plaintiffs admit the Named Plaintiffs did not file opt-in forms. [DE 189]. Plaintiffs argue the Named Plaintiffs consented through three less conventional—but still acceptable—methods. [DE 189 at 4331-40]. Plaintiffs

also argue their Complaint is "dual capacity" in that the Named Plaintiffs assert individual FLSA claims, together with class FLSA claims, which do not require them to file consent forms with the Court. [*Id*. at 4338-39].

1. *The 2014 Declarations Are Not Consent*.

First, Plaintiffs argue that Lauren Green's, Michael Parsley's, and Mary Ragsdale's 2014 declarations "evidenced their consent" to join the collective action. Platinum disagrees because the declarations merely describe the Plaintiffs' duties and experiences while employed at Eddie Merlot's.

Sometimes "courts have characterized affidavits filed along with the complaint as sufficient 'consents'" to opt into an FLSA collective action. *Salazar v. Brown*, Case No. G87-961, 1996 U.S. Dist. LEXIS 18113, at *33 (W.D. Mich. Apr. 9, 1996) (citing *Burrell v. La Follette Coach Lines, Inc.*, 97 F. Supp. 279 (E.D. Tenn. 1951); *Schulte v. New York*, 533 F. Supp. 31, 34-35 (E.D.N.Y. 1981)). Indeed, courts have shown considerable flexibility in accepting irregular consent forms. *E.g.*, *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 52 (W.D. N.Y. 2009) ("[C]ourts have generally not taken a strict approach with regard to the form of the written consent, as least with respect to named plaintiffs.").While a consent form need not conform to conventional standards, what constitutes consent is not without limit. For example, in *Perkins v. S. New Eng. Tel. Co.*, No. 3:07-cv-967 (JCH), 2009 U.S. Dist. LEXIS 103833, (D. Conn. Nov. 4, 2009), the court found that at a minimum consent forms must "indicate[ ] a desire to have legal action taken to the protect the party's rights, or state[ ] a desire to become a party plaintiff." *Id.*, at *8 n.2. The *Perkins* court found the affidavit accompanying the named plaintiff's complaint was not consent because the affidavit "merely describe[d] her duties and experiences as [an employee]," rather than show that she desired to become a party plaintiff.

5

Lauren Green's, Michael Parsley's, and Mary Ragsdale's 2014 declarations are like the *Perkins* affidavit. Each declaration describes the respective Named Plaintiff's position and experience while employed at Eddie Merlot's. The declarations do not convey Lauren Green's, Michael Parsley's, or Mary Ragsdale's desire to have legal action taken on their behalf. Nor do they reveal that any of the three wishes to a become a party plaintiff. Thus, Lauren Green's, Michael Parsley's, and Mary Ragsdale's 2014 declarations are not consent to opt into this FLSA collective action.

2. *Participating in the Court-Ordered Settlement Conference Does Not Constitute Consent.*

Second, Plaintiffs argue that Michael Parsley, Allen Gibson, Christopher Stevenson, Chris Watson, and Samantha Williams consented by appearing for a court-ordered settlement conference and singing in with the Clerk's office. The settlement conference occurred—eight months after the Court-imposed April 29, 2016 deadline to opt in. Thus, even if construed as a valid substitute for filing consent forms with the Court, the appearance at the settlement conference was untimely to opt-in. But even if the settlement conference had taken place during the opt-in window, the sign in sheet neither expresses the Named Plaintiffs' consent, nor was it filed with the Court. *See Garcia v. Sar Food of Ohio, Inc.*, No. 1:14-CV-01514, 2015 U.S. Dist. LEXIS 111677, at *6-7 (N.D. Ohio Aug. 24, 2015) ("even active, prosecution by Named Plaintiffs is not a substitute for written consent") (citing *Frye*, 495 Fed. App'x at 677). Thus, Michael Parsley's, Allen Gibson's, Christopher Stevenson's, Chris Watson's, and Samantha Williams's participation in the December 15, 2016 settlement conference is not consent to opt-in.

3. *Serving Sworn Interrogatory Responses Do Not Constitute Consent*

Named Plaintiffs served sworn responses to the Platinum's Rule 33 interrogatories. The Supreme Court of the United States has stated—in passing—that signed interrogatory responses

6

satisfy the statutory requirement to file a consent to join a collective action. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 652 n. 11 (1981).

But like the settlement conference, even if the Court construes the discovery responses as consent, that consent would be untimely. The FLSA does not set a deadline by which one must opt into a collective action—the Court does. 29 U.S.C. §§ 216(b), 255 & 256; see also *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009). The deadline was April 29, 2016. Plaintiffs did not serve the responses until February 2017—almost a year after the opt-in deadline had lapsed. And the interrogatory responses were not filed in the Court record. While interrogatory responses are not typically filed, 29 U.S.C. § 216(b) requires any consent be filed in the court record. ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). The responses thus do not operate as consent given the opt-in deadline had expired nearly a year before service, and the Plaintiffs otherwise provide no good cause for their tardiness in filing the consent form with the Court. *Ayers v. SGS Control Servs., Inc.*, 2007 WL 3171342, at *4-5 (S.D. N.Y. Oct. 9, 2007) (requiring opt-in plaintiffs to show good cause for their untimely consent filings); *Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304, 305 (N.D. Ill. 1982) (considering how long the opt-in window had been closed in deciding whether to accept late consent forms); *See also, Reyes v. Texas Ezpawn*, L.P., 459 F. Supp. 2d 546, 566-67 (S.D. Tex. 2006) (summarily refusing to accept untimely consent forms without discussion). To hold otherwise would render the opt-in deadline and the requirement that consent be filed with the Court meaningless.

4. *The Complaint is Not Dual Capacity.*

Finally, Plaintiffs argue their Complaint is a "dual capacity complaint" and thus they may proceed with their FLSA claims individually, even if they may not proceed with their FLSA class claim.

29 U.S.C. § 216(b) does not explicitly allow a plaintiff to file both individually and collectively. Instead, it permits plaintiffs to file individually *or* collectively. *See* 29 U.S.C. § 216(b) (providing a private right of action to "any one or more employees for and in behalf of himself *or* themselves and other employees similarly situated") (emphasis added). That said, courts have held that when plaintiffs "clearly put the employer and the court on notice" of their intent to file both collectively and individually, plaintiffs may be considered to have filed a dual capacity complaint under the FLSA. *Frye v. Baptist Mem'l Hosp., Inc.*, No. 07-2708, 2011 U.S. Dist. LEXIS 45605, at *16 (W.D. Tenn. Apr. 27, 2011) (quoting *Smith v. Central Sec. Bureau, Inc.*, 231 F. Supp. 2d 455, 461 (W.D. Va. 2002); see also *Gessele v. Jack in the Box*, Inc., 6 F. Supp. 3d 1141, 1158 (D. Or. 2014); *In re Food Lion, Inc.*, Nos. 94-2360 et al., 1998 U.S. App. LEXIS 11809, 1998 WL 322682 (4th Cir. June 4, 1998). In such instance, where the named plaintiffs' collective claims are dismissed for failure to properly opt into the collective action, their individual FLSA claims proceed. *See e.g.*, *Faust v. Comcast Cable Communs. Mgmt., LLC*, Civil Action No. WMN-10-2336, 2013 U.S. Dist. LEXIS 145804, at *20-23 (D. Md. Oct. 9, 2013).

Plaintiffs' Complaint is not one of dual capacity because it only shows intent to file collectively under the FLSA—not collectively and individually. The Complaint uses the word "individually" only once. [DE 1, p. 20]. In its request for relief the Complaint states: "Plaintiffs, individually and on behalf of all other similarly-situated Servers, Cocktail Servers, Bartenders, and all other tipped, non-management employees, and pursuant to §216(b) of the FLSA and KRS

337.385, pray for the following relief . . ." This sentence is read with the Complaint as a whole, which only alleges a collective claim. For example, the Complaint title is "Collective Action and Class Action Complaint" and begins with the following:

> Come now the Plaintiffs, Lauren Green, Michael Parsley, Mary Ragsdale, Allen Gibson, Gary Zeck, Ashley Kilkelly, Chris Stevenson, Chris Watson, and Samantha Williams, by and through their undersigned counsel, and *file this collective action and class action* and, in support thereof, state as follows:

[DE 1, ¶ 1] (emphasis added). Moreover, later in the Complaint under the heading "Collective and Class Allegations," the Plaintiffs unambiguously state:

> Plaintiffs file this action as a collective action and class action on behalf of all individuals who have been employed by Defendant in its Louisville restaurant as Servers, Cocktail Servers, Bartenders, and all other tipped, non-management employees.

[DE 1, ¶ 62]. The language only alleges FLSA in a collective capacity—not in a dual capacity. A single sentence containing the word "individually" does not change this fact. *See Faust*, 2013 U.S. Dist. LEXIS 145804, at *24 ("A mere recitation in pleadings of the phrase 'individually and on behalf of all others similarly situated,' absent any further indication in the Complaint or subsequent filings of an intention to proceed in a dual capacity, is not sufficient to put the employer and the Court on notice of an individually-filed action."). Nor does the fact that Platinum during this litigation argued that the Kentucky wage and hour laws only support individual capacity claims make the Complaint dual capacity.[2] For these reasons, the Court cannot construe the Plaintiffs' Complaint as one of dual capacity. The Named Plaintiffs have neither brought individual claims against Platinum under the FLSA, nor have they opted into the FLSA collective action.

Ultimately, none of the Named Plaintiffs filed timely consent forms with Court. "'Redundant though it may seem to require consents from the named plaintiffs in a class action,'

---

[2] Platinum's previous argument that the Kentucky wage and hour laws only permit individual claims is a legal argument that does not affect whether the Plaintiffs' alleged FLSA claims in both an individual and collective capacity.

9

the FLSA's mandate is clear." *Frye.*, 495 F. App'x at 677 (quoting *In re Food Lion, Inc.*, 1998 U.S. App. LEXIS 11809, at *41). To hold otherwise would be to ignore the Court's own deadlines, as well as the FLSA's plain language. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless *he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought*.") (emphasis added). [3] The Named Plaintiffs are thus dismissed from the collective action for failure to file timely consent forms with the Court.

    B. Dismissal of the Named Plaintiffs' FLSA Claim does Not Warrant FLSA Collective Action's Decertification.

While the Named Plaintiffs must be dismissed from the FLSA collective action for their failure to file timely consent forms with the Court, this does not require the Court decertify the collective action at this stage of the proceedings. As Plaintiffs point out, "unlike in a Rule 23 class action, all opt-in plaintiffs in an FLSA collective action are 'party plaintiffs,' with equal status upon opting-in." *Miller v. Jackson*, No. 3:10-1078, 2011 U.S. Dist. LEXIS 29011, at *16 (M.D. Tenn. Mar. 21, 2011). Thus, dismissal of the Named Plaintiffs does not require the FLSA collective action to be dismissed when, as here, there are other plaintiffs that have opted into the collective action. *Myers v. TRG Customer Sols., Inc.*, No. 1:17-cv-00052, 2017 U.S. Dist. LEXIS 188982, at *20 (M.D. Tenn. Nov. 15, 2017). Instead, when the named plaintiffs' FLSA claims are dismissed, courts customarily grant plaintiffs leave to substitute opt-in plaintiffs for those dismissed named plaintiffs. *See id.*; *Cronk v. TRG Customer Sols., Inc.*, 2017 U.S. Dist. LEXIS 190719, *22-23 (M.D. Tenn. Nov. 17, 2017); *Thorn v. Bob Evans Farms, LLC*, 2013 U.S. Dist. LEXIS 79577, *5-

---

[3] Given the facts presented by the parties, it appears clear to the Court that Platinum was on notice of the Named Plaintiffs' intended participation in this lawsuit. Yet this highly technical outcome is mandated by the plain language of § 216 as analyzed by the Sixth Circuit in *Frye*. This may not be what Congress intended in requiring "written consent" under 29 U.S.C. § 256, but it is not this Court's role to rewrite the statute.

6 (S.D. Ohio June 6, 2013); *Lucas v. JBS Plainwell, Inc.*, 2012 U.S. Dist. LEXIS 198181, *28 (W.D. Mich. March 8, 2012); *Miller v. Jackson*, 2011 U.S. Dist. LEXIS 29011, *15-16 (M.D. Tenn. Mar. 21, 2011). Plaintiffs are therefore granted 14 days in which to file a notice substituting one or more opt-in Plaintiffs for the Named Plaintiffs, and Platinum's motion to decertify the FLSA collective action is denied with leave to refile once new Named Plaintiffs have been identified.[4]

### C. The Dismissed Named Plaintiffs' Kentucky Wage And Hour Claims Remain Pending.

Although the Named Plaintiffs' FLSA claims must be dismissed, their Kentucky state law wage and hour putative class claims remain pending against Platinum. "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims," and "there is no categorical rule that the pretrial dismissal of a federal claim bars a court from deciding remaining state law claims." *Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (citing *Transcon. Leasing, Inc. v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 166 (6th Cir.1984)). Rather, "the decision depends on 'judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L.Ed.2d 720 (1988).

Here, judicial economy, convenience, fairness, and comity, at this stage of the proceedings, all support retaining jurisdiction over the Kentucky wage and hour law putative class claims. Those claims are significantly intertwined with the FLSA collective action. Both arise from the same alleged conduct. Remanding the state law wage and hour claims to state court would risk inconsistent judgments, depart from notions of judicial economy, and complicate further this already procedurally complex case. The Court thus retains jurisdiction over Named Plaintiffs' pending Kentucky wage and hour putative class action claims.

---

[4] The Court cannot decide the issue of certification until the proper named plaintiffs identified.

## CONCLUSION

For the reasons above, **IT IS ORDERED AS FOLLOWS**:

(1) The Plaintiffs shall file a notice substituting named plaintiff(s) within twenty (20) days of the date of this Memorandum Opinion & Order.

(2) The Defendant, Platinum Restaurants Mid-America, LLC's motion to decertify the Plaintiffs' FLSA collective action, [DE 142], is **DENIED WITH LEAVE TO REFILE.**

**IT IS SO ORDERED.**