UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14-CV-439-RGJ

LAUREN GREEN, *et al.*,                                                              PLAINTIFF

v.

PLATINUM RESTAURANTS
MID-AMERICA, LLC *d/b/a*
EDDIE MERLOT'S PRIME
AGED BEEF AND SEAFOOD                                                      DEFENDANT

## MEMORANDUM OPINION & ORDER

Defendant, Platinum Restaurants Mid-America, LLC ("Platinum"), objects [DE 223] to the

Magistrate Judge's order [DE 220] awarding attorney's fees and costs to Plaintiffs. Plaintiffs

responded. [DE 226]. The matter is ripe. For the reasons below, the Court **OVERRULES**

Platinum's objections.

## BACKGROUND

Platinum's objections relate to the scope of the first deposition of Platinum's corporate

representative and Platinum's defense of that deposition. Magistrate Whalin Judge found that "the

Rule 30(b)(6) deposition of Platinum was defended in a vexatious manner in a concerted effort to

disrupt the orderly progress of the litigation." [DE 172]. As a result, "a corporate deposition of

Platinum now must be resumed at the additional cost and expense of the plaintiffs and the orderly

progress of the 4-year old case further delayed." [DE 172 at 3082]. Magistrate Judge Whalin

imposed "sanctions in the form of reasonable attorney fees and costs . . . for the manner in which

the Rule 30(b)(6) deposition was defended by repeated, unjustifiable instructions to the corporate

witness not to answer otherwise unobjectionable questions . . ." [DE 172 at 3086]. Magistrate

Judge Whalin directed Plaintiffs to prepare "a statement of the reasonable and necessary attorney

fees and costs incurred with relation to the corporate deposition . . . as well as, the attorney's fees and costs incurred by the Plaintiffs for that portion of their motion to compel . . ." [DE 172 at 3082-83]. Plaintiffs moved for $60,800.35 in attorney's fees and costs. [DE 176]. Magistrate Judge Edwards awarded roughly half of what Plaintiffs sought, $30,767.50 in attorney's fees and $299.75 in costs.[1] [DE 220].

Platinum objects to part of the attorney's fees awarded—$16,760.00 for part of the time Plaintiffs' counsel spent preparing for and attending the deposition. [DE 220 at 6144-47]. Platinum argues, (1) that Plaintiffs would have prepared and taken the deposition no matter how Platinum defended it, thus fees are not recoverable under 28 U.S.C. § 1927 for the deposition preparation and attendance, and (2) that the Magistrate Judge improperly awarded these fees for deposition preparation and attendance as a matter of contract under *Siddle v. Crants*, 3:09-cv-00175, 2013 WL 1245678 (M.D. Tenn. Mar. 26, 2013), rather than as a matter of sanction. [DE 223 at 6171].

## STANDARD OF REVIEW

The Court referred the Plaintiffs' Motion for Attorney Fees and Costs [DE 176] to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A). [DE 217]. A party may object to a magistrate judge's non-dispositive order within fourteen days. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's non-dispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party shows that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). Factual findings are reviewed under the clearly erroneous

---

[1] Magistrate Judge Whalin retired.

standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* per curiam, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition)) (internal quotation marks omitted)).  The Magistrate Judge's legal conclusions are reviewed under the contrary to law standard. *Gandee*, 785 F. Supp. at 686. A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Id.* citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D.Cal.1983).

## DISCUSSION

*1.  Attorney's fees for time spent preparing for the deposition.*

Platinum first argues that Plaintiffs would have prepared and taken the deposition no matter how Platinum defended it, thus fees are not recoverable under 28 U.S.C. § 1927 for the deposition preparation and attendance. Platinum's argument centers on 28 U.S.C § 1927, which authorizes sanctions against someone who "multiplies the proceedings in any case unreasonably and vexatiously" in the amount of "the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C.A. § 1927. Platinum cites a case from the Fifth Circuit that a sanction under § 1927 "should reflect only the costs or fees incurred *in responding* to those proceedings that are found to be unreasonable for vexatious." *Topalian v. Ehrman*, 3 F.3d, 63, 76 (S.D.N.Y. 1991) (emphasis added); [DE 223 at 6173]. Thus Platinum argues that because the Plaintiffs incurred these attorneys' fees in preparation for the deposition, rather than later responding to the conduct that took place at the deposition, they do not qualify.

Even if Plaintiffs' attorney's fees preparing for the deposition were not awardable under § 1927, Magistrate Judge Whalin did not award these fees solely under § 1927 but also under the Court's inherent authority to sanction. [DE 172 at 3068 ("[i]f Platinum's conduct during the deposition . . . is the result of unjustifiable obstructionism . . . then we will impose sanctions on Platinum not based on the confines of Rule 37(d), but in accordance with out own inherent

authority in such matters."), 3079-81 ("[s]anctions under our inherent power *and* that of 28 U.S.C

1927 . . .") (emphasis added), 3082 ("[w]e therefore are compelled to exercise our inherent

authority to impose attorney's fees and costs against Platinum based on the deliberately disruptive

deposition . . .")].  Platinum has omitted this part of the basis of Judge Whalin's ruling from its

argument. Magistrate Judge Whalin cited *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)

in support of the Court's inherent power to assess attorney's fees when a party has acted in bad

faith, vexatiously, wantonly, or for oppressive reasons. [DE 172 at 3082]. That attorney's fees are

an appropriate sanction under the Court's inherent authority is well established. *Chambers v.

NASCO, Inc.,* 501 U.S. 32, 44–45, (1991); *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742,

751 (6th Cir. 2010) ("[i[n addition to sanctioning Meisenheimer under 28 U.S.C. § 1927, the

district court imposed sanctions to the extent of attorney fees under its inherent power to sanction

for conduct which abuses the judicial process.")

Along with and regardless of 28 U.S.C. § 1927, Magistrate Judge Whalin appropriately

awarded the sanction of attorney's fees preparing for the deposition under the Court's inherent

authority to sanction. So, Magistrate Judge Edwards' award of fees for part of the cost of preparing

for the deposition is not contrary to law and is affirmed. Platinum's objection is overruled.

   2.   *The Magistrate Judge's citation to Siddle v Crants.*

Platinum next argues that Magistrate Judge Edwards improperly cited *Siddle v. Crants*,

3:09-cv-00175, 2013 WL 1245678 (M.D. Tenn. Mar. 26, 2013) in awarding attorney's fees to

Plaintiffs for preparing for the deposition. [DE 223 at 6173; DE 220 at 6145]. *Siddle* involved both

a contractual obligation to pay attorney's fees under a fee-shifting provision in a release agreement

and an award of some of the attorney's fees under 28 U.S.C. § 1927. *Siddle*, 2013 WL 1245678 at

*14. In addressing the Siddles' objection  specific to the standard for fees under § 1927, the court

4

there noted that "as an initial matter . . . the Siddles are contractually liable for appellate fees incurred . . . regardless of the standard applicable for sanctions . . . under § 1927 . . . and does not impact the Siddles' contractual obligation . . ." *Id.*

Platinum argues that Plaintiffs do not have a contract with Platinum that authorizes recovery of attorneys' fees and thus citation to *Siddle* was contrary to law. [DE 223 at 6174]. Platinum is not contractually liable for Plaintiffs' attorney's fees in preparing for the deposition. But as discussed, Judge Whalin held Platinum liable for those fees under both the Court's inherent authority to award attorney's fees as a sanction and under 28 U.S.C. § 1927. [DE 172 at 3068, 79-82]. Thus, like the party in *Siddle v. Crants*, Platinum is liable for the time Plaintiffs' counsel spent preparing for and attending the deposition because Magistrate Judge Whalin ordered it under the Court's inherent authority to sanction. Platinum is liable regardless of "the § 1927 standard for assessing fees" which "does not impact" Platinum's obligation for fees awarded under the Court's inherent authority. *Siddle*, 2013 WL 1245678 at *14. As a result, Judge Edwards' citation to *Siddle* was not contrary to law and Platinum's objection in this regard is overruled.

Plaintiffs request in their response to Platinum's objection that the Court increase the amount of Judge Edwards' attorney fee award. [DE 226 at 6188-89]. But Plaintiffs did not file a new motion or timely object to Magistrate Judge Edwards' order. Plaintiffs thus waived these arguments. *Thomas v. Arn*, 474 U.S. 140, 157 (1985) (failure to file timely objections to a magistrate's report may be treated as waived).

## CONCLUSION

For the reasons above, **IT IS ORDERED** that the Defendant, Platinum Restaurants Mid-America, LLC's objection [DE 223] to the Magistrate Judge's order [DE 220] is **OVERRULED.**