UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00439-RGJ

LAUREN GREEN, et al.                                                    PLAINTIFFS

VS.

PLATINUM RESTAURANTS
MID-AMERICA, LLC                                                        DEFENDANT

MEMORANDUM OPINION
AND ORDER

Presently before the Court are several motions filed by Plaintiffs Lauren Green, et al.,

relating to their request for supplemental discovery regarding Defendant Platinum Restaurant

Group's financial and operational status. First, Plaintiffs have filed a Motion to Amend Complaint

and for Additional Discovery. (DN 248). With this Motion, Plaintiffs also filed an unopposed

Motion for Leave to File Excess Pages to their Reply (DN 257) and an unopposed Motion for

Leave to File an Exhibit under Seal (DN 247). Plaintiffs later filed a related Motion for Sanctions.

(DN 259). Fully briefed, these matters have been referred to the undersigned United States

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* DN 52; DN 175).

I. Background

Plaintiffs, a group of former employees of Eddie Merlot's Louisville restaurant, bring this

case under the Fair Labor Standards Act (FLSA) and Kentucky Wage and Hour Act (KWHA) to

recover unpaid wages and overtime against Defendant Platinum Restaurants Mid-America, LLC.

Plaintiffs have amended their Complaint frequently in this action. (*See* DN 14; DN 43; DN

91; DN 119; DN 145). In January of 2018, Plaintiffs sought leave to file a sixth amended complaint

that would add William Humphries (the owner of Defendant), Platinum Restaurant Group (a group

of several entities allegedly owned and controlled by Humphries), and Platinum Restaurants Shared Services, LLC as defendants. (DN 153). To support the addition of these defendants, Plaintiffs relied on "joint employer theory," claiming that the FLSA permits an employee to have "several simultaneous employers who may be responsible for compliance." (*See* DN 153-1, at pp. 6-9). Plaintiffs also alleged that Defendant was attempting to use the formal distinction between these entities to avoid its discovery obligations in the case. (*Id.* at p. 9).

Magistrate Judge Dave Whalin denied Plaintiffs' motion, finding that claims against the newly added defendants would not relate back to the filing of the original complaint under Rule 15(a)(2)(C) and that permitting amendment would be unduly prejudicial to the parties. (DN 172). Judge Whalin specifically noted that Plaintiffs were not arguing that Defendant Platinum was "merely a shell or pass-through business entity from which they cannot obtain meaningful relief, nor do [Plaintiffs] raise arguments that the proposed new parties are somehow akin to necessary parties to the litigation under Rule 19(a)(1)(A)." (*Id.* at p. 18). Judge Whalin concluded that there was no indication that Defendant actively misled anyone about their status and the Plaintiffs, in fact, were aware of Humphries' status early on and that of Group and Shared Services following the deposition of William Vezeau in mid-July 2017. (*Id.*). In the same Opinion, Judge Whalin granted Plaintiffs sanctions, in the form of reasonable attorney's fees and costs, for Defendant's use of "repeated, unjustifiable instructions to the corporate witness not to answer otherwise unobjectionable questions" during the Rule 30(b)(6) deposition. (*Id.* at p. 42).

From July of 2018 to July of 2020, the case was stalled while Plaintiffs' motion for attorney's fees (DN 176), Plaintiffs' motion to certify class (DN 191), and Defendant's motion to decertify collective action claims were litigated (DN 142). Throughout this period, the undersigned entered several orders granting joint motions to extend discovery "for the limited purpose of

2

resolving any remaining outstanding discovery issues." (DN 182; DN 185; DN 197; DN 202; DN 208; DN 210). During a telephonic status conference with the undersigned in July of 2020, counsel for Defendant represented that Eddie Merlot's Louisville restaurant had closed permanently due to the COVID-19 pandemic and the restaurant being looted during protests. (DN 234). After further discussion, the parties agreed there was an opportunity for settlement. (*Id.*). Plaintiffs requested to take discovery as to the status of Eddie Merlot's, and Defendant did not object. (*Id.*).

Two weeks later, the parties each submitted a status report and proposed scheduling order to the Court. (DN 235; DN 236). The parties disagreed as to the "scope of supplemental discovery" on the Defendant's status. The undersigned entered an order shortly thereafter that, among other things, gave Plaintiffs a ninety-day period to conduct supplemental discovery on: "the operational and financial status of Defendant Platinum Restaurants Mid-America, LLC." (DN 237).

Unfortunately, the disagreement did not end there. The parties requested another telephonic conference with the undersigned. During the call on November 9, 2020, Plaintiff indicated it wanted to take three depositions (owner William Humphries, former President and CEO Geoffrey Stiles, and a Rule 30(b)(6) witness) and wanted Defendant's tax returns and bank account statements from 2016-2020 and any information and documents reflecting distributions of assets from 2016-present between the entities comprising the Platinum Restaurant Group, William Humphries, and relatives of Humphries, etc. (*See* DN 240). Defendant emphasized that only the *current* operational and financial status of the restaurant resulted in the need for supplemental discovery and, therefore, discovery from beyond September of 2018 was not appropriate.[1] (DN 241). Following the call, the undersigned entered an Order, noting "concerns about whether the supplemental discovery period was geared toward the substance of the case rather than assessing

---

[1] Defendant produced bank statements, tax returns, and financial documents dating back to September 10, 2018 during the supplemental discovery period permitted by the Court. (*See* DN 241).

their positions regarding settlement." (DN 243). This Order also stayed the supplemental discovery period to allow for settlement discussions with the Court. (*Id.*).

In February of 2021, after weeks of settlement discussions and a virtual settlement conference, negotiations hit a standstill. During a telephonic conference with the Court, Plaintiffs indicated their continued belief that they are entitled to discovery of Defendant's financial and operational status before 2019. (DN 246). In an order following the call, the undersigned noted her "reluctance to allow such discovery" but permitted motion practice on this "limited issue." (*Id.*).

About a month later, Plaintiffs filed a "Renewed Motion to Amend Complaint and for Additional Discovery" (DN 248). Plaintiffs seek to add Humphries, Platinum Restaurant Group, Inc., Platinum Restaurants Central, N.E., LLC, and Platinum Restaurants Shared Services, LLC as defendants and to add four claims: (1) Violation of the Kentucky Uniform Voidable Transfers Act; (2) Successor Liability; (3) Single Employer Theory; and (4) Alter-ego/Piercing the Corporate Veil.[2] (*Id.*). As to Claim (3), Plaintiffs request reconsideration of Judge Whalin's "interlocutory order" from July 12, 2018, under Federal Rule of Civil Procedure 54(b). (DN 258, at pp. 7, 10). Plaintiffs assert the remaining claims should be evaluated under Federal Rule of Civil Procedure 15 because these are new allegations that have not previously been presented to the Court. (*Id.*). Plaintiffs ask for ninety days from entry of their seventh amended complaint to take discovery as to these new claims and defendants. (DN 248, at p. 2).

Defendant responds that Plaintiffs' Motion goes beyond what the undersigned permitted in allowing motion practice on the issue of supplemental discovery. (DN 256). Defendant takes issue with Plaintiffs essentially trying to circumvent Judge Whalin's July 12, 2018 Order because they

---

[2] Plaintiffs' Motion to Amend Complaint (DN 248) states that they seek to add "Humphries, along with PRG-INC, PR-LLC, Central, and Shared Services" as defendants in the action. However, Plaintiffs' proposed seventh amended complaint identifies the new defendants as Humphries, PRG-INC, Central, and Shared Services; there is no reference to "PR-LLC." (*See* DN 249-1, at ¶¶ 6-11).

didn't timely object and Plaintiffs have no new evidence to support reconsideration of his ruling. (*Id.* at pp. 2-3). Permitting Plaintiffs' proposed amendments, Defendant argues, would be extremely prejudicial in that it would radically shift the scope and nature of the case and delay this protracted litigation even further. (*Id.* at p. 25).

Shortly after Plaintiffs' Motion to File Amended Complaint was fully briefed, Plaintiffs also filed a Motion for Sanctions, alleging that Defendant has acted in bad faith and "unreasonably and vexatiously complicated and extended the progress of this case" by obstructing inquiry into Humphries' relationships and finances.[3] (DN 259).

## II. Plaintiffs' Motion to Amend Complaint and For Additional Discovery (DN 248)

### A. Scope of the Undersigned's February 11, 2021 Order (DN 246)

First, Plaintiffs' Motion to Amend Complaint contravenes the motion practice authorized by the undersigned on February 11, 2021. The impetus for a supplemental discovery period regarding Defendant's financial and operational status came from the parties indicating a willingness to participate in settlement negotiations. The Court was willing to permit limited supplemental discovery to facilitate these settlement discussions. It quickly became obvious, however, that Plaintiffs were seeking broad-ranging discovery that exceeded Defendant's current "operational and financial status" as it related to settlement. (DN 237). The Court expressed concern with Plaintiffs' efforts and "whether the supplemental discovery period was geared toward the substance of the case rather than assessing their positions regarding settlement." (DN 243).

---

[3] Also before the Court are two unopposed motions by Plaintiffs. First, Plaintiffs' filed a Motion to Seal a document attached to their Motion to Amend Complaint because the report was produced in discovery under "attorney's eyes only" designation. (DN 247). Defendant agrees with this request, noting that the report is a confidential and proprietary report that contains brand strategy and could give the brand's competitors an unfair advantage if disclosed. (DN 255). Finding that the parties have met the requirements of Local Rule 5.7, the Court will grant Plaintiffs' Motion to Seal (DN 247). Second, Plaintiffs have filed a Motion for Leave to File Excess Pages (DN 257), arguing that it could not respond to all of Defendant's arguments in the fifteen-page limit for reply briefs. The Court finds good cause for such request and grants Plaintiffs' Motion.

Eventually, when settlement negotiations stalled and the parties expressed their continued inability to agree on the scope of supplemental discovery, the Court reluctantly permitted motion practice. The Court's February 11, 2021 Order reads, in relevant part:

> Plaintiffs indicated they still believe they are entitled to discovery of information as to Defendants' financial and operational status before 2019. The Court indicated its reluctance to allow such discovery but will permit motion practice from the parties on this limited issue.

(DN 246). Rather than filing a limited motion for discovery, Plaintiffs filed the instant motion to amend complaint, requesting to add four new defendants and four new claims and further requesting a ninety-day period to conduct discovery on these new claims and defendants. (DN 248).

Plaintiffs emphasize that the undersigned never limited their ability to file a motion to amend either verbally or in writing. While it is true that the undersigned's February 12, 2021 Order did not explicitly prohibit the filing of a motion to amend complaint, the Order's language clearly contemplates motion practice on a limited discovery issue. (DN 246). Nor did any of the Court's previous orders relating to the issue of supplemental discovery anticipate Plaintiffs filing another amended complaint. (*See* DN 239; DN 243). Perhaps most telling is Plaintiffs' failure to include a deadline for motions to amend in their proposed scheduling order from July 16, 2020. (*See* DN 235 (only requesting deadline for dispositive motions and motions to decertify following a sixty-day supplemental discovery period)). The Court's scheduling order from August of 2020 likewise provided deadlines only for a supplemental discovery period and for dispositive motions and motions to decertify class. (DN 237). The procedural posture of the case further reflects that the appropriate time to file motions to amend has passed. The fact discovery period has long been closed and the supplemental discovery period was authorized for purposes of settlement, not to open the door to new allegations extraneous to Plaintiffs' original FLSA/KWHA claims.

6

Plaintiffs also state that "during a status conference, Judge Edwards informed the parties that, should settlement negotiations fail, the plaintiffs would be entitled to "post judgement" [sic] type of discovery." (DN 258, at p. 3). This statement misconstrues the undersigned's advisement. During the telephonic conference Plaintiffs reference, the undersigned indicated that the type of discovery Plaintiffs were seeking seemed more akin to post-judgment discovery under Federal Rule of Civil Procedure 69(a)(2). Plaintiffs must first succeed on the merits of their claims and receive a favorable judgment before this type of discovery becomes relevant and appropriate. *See, e.g. Corizon Health, Inc. v. CorrecTek, Inc.*, No. 5:17-CV-35-TBR-LLK, 2017 WL 7693390, at *3 (W.D. Ky. Dec. 12, 2017) (quoting *Dickson v. National Maintenance & Repair of Kentucky, Inc.*, No. 5:08-CV-8, 2011 WL 2610195, at *2 (W.D. Ky. July 1, 2011) (stating that Rule 26 ordinarily "will not permit the discovery of facts concerning a defendant's financial status or ability to satisfy a judgment, such matters are not relevant, and cannot lead to the discovery of admissible evidence"); *see also In re Classicstar Mare Lease Litigation*, MDL No. 1877, 2009 WL 1313311, at *3 (E.D. Ky. May 12, 2009) (finding that present financial condition and location of assets was not discoverable prior to judgment and was not a proper focus of prejudgment discovery under Rule 26).

The fact that Plaintiffs' Motion exceeded the scope of motion practice authorized by the undersigned's February 11, 2021 Order is sufficient grounds for denial. Nevertheless, the Court will briefly consider the merits of Plaintiffs' Motion to Amend.

B. Reconsideration of Judge Whalin's July 12, 2018 Order (DN 172)

The parties dispute the proper standard for evaluating Plaintiffs' request for reconsideration of Judge Whalin's July 12, 2018 Order, which denied Plaintiffs' motion for leave to file sixth amended complaint to add Humphries, PRG-LLC, and Shared Services. Plaintiffs claim that Judge

Whalin's ruling is an interim order that the Court has discretion to revisit under Federal Rule of Civil Procedure 54(b). (DN 250, at pp. 8-9). Defendant, on the other hand, believes that Rule 54(b) doesn't provide a basis for revision of a Court's prior decision. (DN 256, at p. 12). Defendant relies on Rule 72(a) to claim Plaintiffs' request for reconsideration is barred because Plaintiffs did not file a timely objection to Judge Whalin's Order. (*Id.* at p. 10).

Federal Rule of Civil Procedure 72(a) does not necessarily prohibit Plaintiffs' request for reconsideration of Judge Whalin's Order. This Rule provides that when a magistrate judge issues a decision on a non-dispositive pretrial matter, the parties have fourteen days to file objections. Fed. R. Civ. P. 72(a). A party's failure to object within the designated period precludes that party from "assign[ing] as error a defect in the order" on appeal. *Elliott v. First Fed. Comm. Bank of Bucyrus*, 821 F. App'x 406, 412-13 (6th Cir. 2020) (quoting Fed. R. Civ. P. 72(a)); *see also Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 321 (6th Cir. 2015) (holding that a party failing to file objections within the designated period "risks losing the right to appeal the underlying issue to the [court of appeals]."). While Plaintiffs' failure to timely object to Judge Whalin's July 12, 2018 Order would likely affect their ability to appeal such Order, it does not commensurately affect Plaintiffs' ability to request reconsideration of this interlocutory order.

Rule 54(b) governs Plaintiffs' request for reconsideration. This Rule provides that interlocutory orders "may be revised at any time before the entry of a judgment[.]" Fed. R. Civ. P. 54(b). Reconsideration or modification of an interlocutory order is available "as justice requires." *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir.2004) (citation omitted). But courts traditionally only find justification for reconsideration where there is: "(1) an intervening change in controlling law; (2) new evidence available; and (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov. v. Hotels.com, L.P.*, 590

F.3d 381389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959).

Plaintiffs rely on exception (2), claiming that new evidence, specifically that Defendant, by itself, "lacks financial resources to satisfy a judgment or fund an appropriate settlement," warrants reconsideration of Judge Whalin's Order. (DN 250, at p. 9). In their reply, Plaintiffs also briefly reference exception (3), stating that the Court should revise its prior Order to "avoid manifest injustice" to Plaintiffs, since the assets and profits Humphries has allegedly siphoned off through other entities could be used to satisfy a judgment or fund a settlement. (DN 258, at p. 2). Defendant asserts that the "new evidence" of its insolvency is simply a facade for Plaintiffs to request reconsideration when their new claims rely on evidence that was in their possession before filing their January 2018 motion to amend. (DN 256, at pp. 13-14). Insolvency, Defendant clarifies, is not an element of any of Plaintiffs' proposed new claims. (*Id. at* pp. 13-14).

First, the Court notes that Plaintiffs' current proposed amendment differs from their prior attempt at adding three defendants under a joint employer theory in January of 2018. While Plaintiffs again seek to add new defendants (this time, Humphries, PRG-INC, Central, and Shared Services) and renew their joint employer claim (this time, couched as "single employer theory"), they also seek to add three new claims against these defendants. Rather than seeking reconsideration, it seems Plaintiffs are attempting to circumvent Judge Whalin's ruling regarding relation back of the joint employer claim by adding more defendants and asserting new claims.

Plaintiffs assert that Judge Whalin's Order anticipated that his ruling might change by stating that Plaintiffs did not argue that Defendant was "merely a shell or pass-through business entity from which they cannot obtain meaningful relief" or that the proposed new parties are necessary parties under Rule 19(a)(1)(A). The Court disagrees. Judge Whalin's statement was not an invitation for Plaintiffs to get a second bite at the apple three years later. And, regardless, his

statement did not indicate any presumptive success of these hypothetical arguments.

Th Court does not find that new evidence of Defendant's insolvency warrants reconsideration of Judge Whalin's July 12, 2018 Order. To plead their joint employer claim, Plaintiffs have to plausibly allege that two (or more) entities should be treated as a single employer for purposes of employment laws. *See Nethery v. Quality Care Investors, L.P.*, 814 F. App'x 97, 102-03 (6th Cir. 2020) (quoting *Sanford v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x 488, 491 (6th Cir. 2011)). "Entities are joint employers if they 'share or co-determine those matters governing essential terms and conditions of employment.'" *E.E.O.C. v. Skanska USA Bldg., Inc.*, 550 F. App'x 253, 256 (6th Cir. 2013) (quoting *Carrier Corp. v. NLRB*, 768 F.2d 778, 781 (6th Cir. 1985)). Courts consider several factors in evaluating joint employer claims, such as: interrelation of operations, common management, centralized control of labor relations and personnel, and common ownership and financial control. *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993-94 (6th Cir. 1997); *see also Skanska*, 550 F. App'x at 256 (looking to factors such as: "an entity's ability to hire, fire, or discipline employees, affect their compensation and benefits, and direct and supervise their performance."). None of these cases identify an entity's insolvency as a necessary element for establishing a joint-employer claim.

Plaintiffs also claim that Defendant's reference to information that was in Plaintiffs' possession when they sought leave to file their sixth amended complaint is a "red herring" because their current motion is based on the changed circumstances of Defendant's insolvency. But perplexingly, the "statement of facts" Plaintiffs present relies extensively on information they have possessed for several years.[4] (*See* DN 250, at pp. 3-8). Plaintiffs' "statement of facts" does not reference the "new evidence" of Defendant's insolvency, which allegedly forms the basis of their

---

[4] Plaintiffs frequently cite to deposition testimony from Mr. Humphries, Ms. Salon, and Mr. Vezau. All of these depositions occurred before Plaintiffs sought leave to file their sixth amended complaint.

reconsideration arguments. (*See id.*). These circumstances do not support reconsideration of Judge Whalin's Order.

Nor would Plaintiffs suffer "manifest injustice" from the Court declining to reconsider Judge Whalin's previous Order. Judge Whalin denied the addition of Humphries, PRG-LLC, and Shared Services because Plaintiffs' claims would not relate back to the original filing of the complaint for the newly added defendants. Judge Whalin noted that permitting a "separate series" of FLSA and KWHA claims that hypothetically would look back three or five years, would be "unduly prejudicial to the parties as well as the orderly progress of the lawsuit." (DN 172, at pp. 17-18). The same logic applies to Plaintiffs' request for reconsideration. Plaintiffs delayed almost three years in seeking reconsideration of Judge Whalin's ruling. And while Plaintiff did not have information regarding the Defendant's alleged insolvency until the restaurant closed in July of 2020, as discussed above, the Plaintiffs have not demonstrated how Defendant's insolvency requires reconsideration of Judge Whalin's ruling. The Court again emphasizes that the discovery Plaintiffs currently request will be appropriate if or when Plaintiffs succeed on the merits of their claims.

If anything, injustice could result from permitting Plaintiffs to sidestep Judge Whalin's prior order in this manner and belatedly obtain wide-ranging financial discovery before succeeding on the merits of their case. For these reasons, the Court does not find justification for reconsideration of Judge Whalin's denial of Plaintiffs' motion for leave to file sixth amended complaint under Rule 54(b). This request is denied.

### C. Plaintiffs' Motion to Add Three New Claims

Plaintiffs request that their three new claims (violation of the KUVTA, successor liability, and piercing the corporate veil) should be reviewed pursuant to Federal Rule of Civil Procedure

15 because these claims were not presented in their motion for sixth amended complaint.  (DN 258, at p. 10). Plaintiffs assert that Defendant's insolvency is "plainly central" to its three new claims and that the claims are timely pursuant to their respective statutes of limitations. (*Id.* at pp. 11, 17).

Defendant responds that Plaintiffs' proposed claims do not relate back to the original complaint because they add four defendants, which Judge Whalin previously determined was inappropriate under Sixth Circuit precedent. (DN 256, at p. 22). Permitting the claims would be prejudicial, Defendant continues, because it would materially change the scope of the lawsuit, adding significant expense and preparation and resulting in a more complicated and lengthy trial. (DN 256, at p. 21). Defendant also requests Plaintiffs' motion be denied based on undue delay since the discovery period has long been closed. (*Id.* at pp. 24-25).

Plaintiffs maintain, in reply, that Judge Whalin's previous ruling does not control the undersigned's analysis here in that their new claims, indeed, relate back to the original complaint under their respective statutes of limitations. (DN 258, at pp. 17-18).  Defendant's claims of delay are meritless, according to Plaintiffs, because Plaintiffs were cooperating with the Court's guidance in not adding these new claims for ten months while settlement was pursued. (DN 258, at p. 20). Plaintiffs further assert that Defendant fails to cite to any cases with similar circumstances amounting to prejudice. (*Id.*).

Federal Rule of Civil Procedure 15(a) provides that after a party has amended its pleading once as a matter of course, future requests for amendment may only be granted "with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a). This Rule directs courts to "freely give leave [to amend] when justice so requires." *Id.* Denial, however, may be appropriate where there is "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party,

repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)); *see also Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) ("A motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."); *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005).

An amendment to a pleading relates back to the date of the original pleading, for statute of limitations purposes, when:

(A) The law that provides the applicable statute of limitations allows relation back; [or]

(B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out in the original pleading; . . .

Fed. R. Civ. P. 15(c)(2).

First, addressing the relation-back issue, Plaintiffs' new claims do not arise out of the same transaction, which gave rise to the original claims in the complaint – Defendant's alleged failure to pay wages and overtime to employees under the FLSA and KWHA. These new claims involve an allegedly fraudulent transfer of assets from Defendant to proposed defendant Central and the relationships between Defendant and other entities based on their affiliation with Humphries. These new allegations are far afield from the core issue of whether Defendant violated the FLSA and KWHA by failing to pay the Plaintiffs appropriate wages and overtime.

Even if Plaintiffs' new claims "relate back" under their respective statutes of limitations, the Court still considers the factors from *Coe v. Bell*, in deciding whether to permit an amendment. *See Moross Ltd. Partnership v. Fleckenstein Capital, Inc.*, 466 F.3d 508, 518-19 (6th Cir. 2006) (citation omitted). These factors weigh heavily against granting Plaintiffs' proposed amendments.

First, Plaintiffs delayed in bringing these amended claims. Plaintiffs appear to be using Defendants' insolvency to create a lawsuit within a lawsuit, i.e., a fraud or recovery action within this FLSA/KWHA case. The fact of Defendants' insolvency did not create new causes of action; it simply spurred Plaintiffs to assert claims based on information that was in their possession when they filed their motion for sixth amended complaint in January of 2018.[5] Plaintiffs' failure to lodge these claims in a timely manner counsels against permitting Plaintiffs' amendments.

Allowing such amendments at this point in the litigation would also be unduly prejudicial to Defendant by causing further delay and greatly expanding the scope of this seven-year litigation. The inclusion of new defendants and new claims would unnecessarily complicate Defendant's ability to obtain a swift final judgment on the claims brought against it. *See, e.g., Luis v. Zang*, No. 1:12-cv-629, 2017 WL 1154037, *8 (S.D. Ohio Mar. 28, 2017) (denying motion to amend in part because same allegations could have been made in a timely manner much earlier in the litigation and their inclusion "would unnecessarily complicate bringing this long-pending litigation to a conclusion.").

Finally, while the Court will not accuse Plaintiffs of acting in bad faith, Plaintiffs pushed the boundaries of appropriate behavior by blatantly disregarding the Court's allowance of motion practice on a limited discovery issue. Once more, Plaintiffs must succeed on their FLSA/KWHA claims before the wide-ranging discovery into whether Defendant is able to satisfy a judgment becomes relevant. To allow otherwise would result in Plaintiffs rerouting this litigation long after discovery has closed. For these reasons, the Court denies Plaintiffs' "Renewed Motion to Amend Complaint and For Additional Discovery."[6] (DN 248).

---

[5] While Plaintiffs did not assert these exact claims in their motion for sixth amended complaint, these claims largely focus on the same information Plaintiffs previously provided to support their "joint employer theory."
[6] The Court expresses doubt as to whether Plaintiffs' proposed claims could survive a Rule 12(b)(6) Motion to Dismiss, but in-depth analysis on the futility of these claims is not required based on the strength of the other *Coe v.*

14

In denying this motion, the Court lifts the stay on the scheduling order deadlines in this case. The parties will have thirty days from issuance of this Opinion to file any dispositive motions and any motions to decertify the class or collective action. Responses and replies shall be filed in accordance with the Local Rules.

### III. Plaintiffs' Motion for Sanctions (DN 259)

Plaintiffs separately request sanctions against Defendant under the Court's "inherent authority," under 28 U.S.C. § 1927, and under Federal Rules of Civil Procedure 26 and 37. To support these requests, Plaintiffs argue that: (1) Defendant may have made material misrepresentations to the Court regarding its insolvency and its intention to permanently close the Louisville Eddie Merlot's restaurant; and (2) Defendant's response to Plaintiffs' Motion to Amend is frivolous and is part of an ongoing effort to obstruct inquiry into the relationship between Humphries and the other Platinum Restaurant Group entities to conceal transfers of assets that occurred while this case was pending. (DN 259, at pp. 1-2). Plaintiffs also highlight Defendant's prior obstructive conduct in this litigation, including defense counsel's behavior during the Rule 30(b)(6) deposition and during discovery.

Defendant responds that Plaintiffs' Motion for Sanctions is merely "an unauthorized brief seeking to repeat and rehash the same issues that were addressed in the now fully briefed Renewed Motion." (DN 260, at p. 2). Defendant proffers that it has not made any misrepresentation to the Court and that it has no plans to reopen its Louisville restaurant. (*Id.* at pp. 3-4). As to the alleged frivolity of its response to Plaintiffs' Motion to Amend, Defendant asserts that it reasonably and soundly interpreted the law in pursuing its duty of advocacy. (*Id.* at p. 4). Defendant also takes

---

*Bell* factors and because the proposed claims do not arise out of the same transaction which gave rise to the original claims in this action. Denial is therefore required even if Plaintiffs have alleged facts sufficient to support their new allegations.

issue with Plaintiffs attempting to relitigate conduct from the Rule 30(b)(6) deposition that was addressed by Magistrate Judge Whalin three years ago. (*Id.* at pp. 5-6).

Plaintiffs' reply emphasizes that on the day their reply brief was due Defendant filed a "Notice of Disclosure" that admits the Eddie Merlot's Louisville restaurant is not permanently closed. (DN 264, at pp. 1-2 (citing DN 261)). Plaintiffs claim that Defendant is using the word "permanently" deceptively and that the Notice is intentionally vague. (*Id.* at pp. 2-3).

A brief discussion of the sanction authority cited by Plaintiffs is necessary. First, federal courts have the inherent power to impose sanctions to prevent abuse of the judicial process when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or when the conduct was "tantamount to bad faith." *Metz v. Union Ban*, 655 F.3d 485, 489 (6th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991) (add'l citation omitted)). Similarly, 28 U.S.C. § 1927 provides that the Court may require any attorney or person who "so multiples the proceedings in any case unreasonably and vexatiously" to personally satisfy the "excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."

The Federal Rules of Civil Procedure also authorize courts to impose sanctions on parties and their attorneys that fail to meet their discovery obligations. Rule 37(b)(2)(A) provides a list of sanctions for a party or their counsel's failure to obey a court order to produce or permit discovery.[7] Fed. R. Civ. P. 37(b)(2)(A). Additionally, subsection (C) of this Rule provides that the court must order the disobedient party, his attorney, or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* (b)(2)(C). Rule 26(g) requires an attorney

---

[7] This list of potential sanctions includes the court: directing that facts be deemed established for purposes of the action, as the prevailing party claims; partially or wholly striking pleadings; staying proceedings until orders are complied with; dismissal of the action; rendering a default judgment; or treating the violation as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

or responsible party to certify that discovery responses and objections "are supported by nonfrivolous argument and are not aimed to harass, cause delay, or drive up litigation costs." *Jones v. Illinois Central R.R. Co.*, 617 F.3d 843, 854 (6th Cir. 2010) (citing Fed. R. Civ. P. 26(g)). Under this Rule, sanctions should be imposed for any violation that occurs without "substantial justification." *Id.*

The Court does not find sanctions are appropriate under any of these mechanisms. Defendant did not act in bad faith in opposing Plaintiffs' Motion to Amend. Plaintiffs' arguments for sanctions largely rest on the presumed success of their motion. Yet this Court found above that there was neither a basis for reconsidering Judge Whalin's July 2018 Order nor for permitting Plaintiffs' new claims and defendants. In so concluding, the Court finds that Defendant's arguments in opposition were not frivolous or obstructive but, in fact, were persuasive. Regardless, even unsuccessful arguments, like Defendant's claim that reconsideration of Judge Whalin's July 2018 Order was foreclosed by Rule 54, are not automatically deemed frivolous. To accept Plaintiffs' argument would open the floodgates for sanctions every time motion practice occurred during litigation.

As for Defendant's allegedly obstructive behavior related to discovery, much of the conduct Plaintiffs argue warrants sanctions was previously evaluated by Magistrate Judge Whalin in July of 2018, when he granted Plaintiffs' request for sanctions relating to defense counsel's conduct during the Rule 30(b)(6) deposition.[8] (DN 172, at pp. 28-39). The Court declines to impose additional sanctions related to this previously addressed misconduct. And because the fact

---

[8] Judge Whalin exercised his inherent power under 28 U.S.C. § 1927 to impose sanctions after finding that Defendant acted vexatiously during the Rule 30(b)(6) deposition "in a concerted effort to disrupt the orderly process of the litigation . . ." (DN 172, at p. 37). The undersigned found Plaintiffs were entitled to be reimbursed $30,767.50 in attorney's fees and $299.75 in costs incurred for time spent defending Mr. Vezeau's Rule 30(b)(6) deposition and the corresponding motion practice. (DN 220). Defendant filed a motion to reconsider the undersigned's order (DN 223), which the District Judge denied (DN 232).

discovery period has long been closed, and the Court has concluded that Plaintiffs are not entitled to the "supplemental" discovery they now request, sanctions based on Rule 26(g) and Rule 37(b)(2)(A), (C) are not appropriate.

Plaintiffs' other allegations regarding sanctions are somewhat speculative. For instance, Plaintiffs surmise that "[D]efendant's endgame may have been to misrepresent that Eddie Merlot's-Louisville was permanently closed and attempted [sic] to negotiate-and have Magistrate Judge Edwards negotiate on its behalf-a bankruptcy-type settlement." (DN 259, at p. 20). They also allege that Defendant "appears to have intentionally squandered its assets to avoid paying a judgment or settlement." This speculation does not establish sanctionable conduct.

Finally, the Court does not find subterfuge in Defendant's Notice of Disclosure filed on June 15, 2021. Defendant's "Notice of Disclosure" states that after Defendant filed its response to Plaintiffs' Motion for Sanctions, a local developer contacted Defendant about revitalizing the building where Eddie Merlot's Louisville was located "in a way that would motivate [Defendant] to reopen its restaurant." (DN 261). The Notice continues: "The status of the restaurant currently remains as stated [sic] Platinum's response to Plaintiffs' Motion for Sanctions (ECF No. 260), i.e., Platinum remains permanently closed. Should any plans to re-open the restaurant materialize, Platinum will so advise the Court." (*Id.*). This Notice does not constitute a material misrepresentation as to Defendant's financial and operational status. It appears that Defendant was simply apprising Plaintiffs and the Court of a potential change in circumstances. Defendant has agreed to provide additional updates if further discussions or plans to reopen the restaurant are undertaken. And despite the poor timing of this Notice, there is no evidence that the timing was intentionally deceptive. Because the Court granted Plaintiffs a two-week extension to file their reply, the timing of the Notice did not prejudice Plaintiffs.

For these reasons, the Court denies Plaintiffs' requested sanctions, including Plaintiffs' request for an evidentiary hearing.

## IV. Order

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Exceed Page Limitations (DN 257) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal (DN 247) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend and for Additional Discovery (DN 248) is **DENIED.** The Court lifts the stay on the scheduling order deadlines in this case. The parties will have **thirty days** from issuance of this Opinion to file any dispositive motions and any motions to decertify the class or collective action. Responses and replies shall be filed in accordance with the Local Rules.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions (DN 259) is **DENIED.**

Regina S. Edwards, Magistrate Judge

United States District Court

September 1, 2021

Copies:        Counsel of Record

19