UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAUREN GREEN, *ET AL.*                                                    *Plaintiffs*

v.                                                              Civil Action No. 3:14-cv-439

PLATINUM RESTAURANTS MID-                                        *Defendant*
AMERICA LLC D/B/A EDDIE MERLOT'S
PRIME AGED BEEF AND SEAFOOD.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Lauren Green, et al. ("Plaintiffs") sued Defendant Platinum Restaurants Mid-America LLC d/b/a Eddie Merlot's Prime Aged Beef and Seafood ("Defendant" and together with Plaintiffs, the "Parties") seeking relief for alleged violations of Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). [DE 1]. Before the Court is the Parties' Joint Motion for Preliminary Approval of Settlement Agreement ("Motion"). [DE 287]. The matter is ripe. For the reasons below, the Motion is **GRANTED**.

## I.      BACKGROUND

Plaintiffs brought this hybrid collective action and putative class action against Defendant under the FLSA. [DE 1]. Defendant owns Eddie Merlot's Prime Aged Beef and Seafood Restaurant in Louisville Kentucky ("Eddie Merlot's"). [DE 145]. The Named Plaintiffs are former or current Eddie Merlot's servers, bartenders, or other tipped non-management employees who claim violations of the FLSA. [*Id.*]

Judge Stivers conditionally certified a FLSA opt-in class consisting of all Servers, Cocktail Servers, and Bartenders that worked at Eddie Merlot's within three years before the lawsuit was filed. [DE 63]. Judge Stivers allowed Plaintiffs' allegations to proceed collectively: (1) that "they

were forced to participate in a 'tip pooling' agreement in which tips were shared with management and kitchen staff'"; (2) that "they were forced to perform non-tipped duties while being paid below minimum wage"; and (3) that they "were forced to work off the clock for certain periods of time." [*Id.* at 945–46]. Potential plaintiffs had until April 29, 2016 to opt-in to the collective action by filing consent forms with the Court. [DE 68]. The Court then granted Plaintiffs' motion for class certification under Federal Rule of Civil Procedure 23. [DE 221 at 6165]. The Court defined the Rule 23 class as "[a]ll Servers, Cocktail Servers, and Bartenders employed by the defendant in its Louisville restaurant since it opened on January 6, 2011." [*Id.*]. The Court also appointed Plaintiffs' Counsel as Class Counsel under Rule 23(g). [*Id.*].

The Parties now move for preliminary approval of their settlement agreement ("Agreement"). [DE 287-1]. Defendants and Plaintiffs have reached a comprehensive settlement and seek preliminary approval of the Agreement, which applies to the Rule 23 class members and the individuals who opted-into this litigation pursuant to the FLSA. [*Id.*]. The Agreement will cover 217 individuals who are either part of the Rule 23 class action or FLSA collective action. [*Id.* at 11242]. The Agreement includes a total settlement of $850,000.00 ("Total Settlement Amount"), which will cover all the individual payments to Plaintiffs and Class Counsel's attorneys' fees and costs. [*Id.*]. Of the Total Settlement Amount, Class Counsel will receive an award of $31,067.25, reflective of the fees and costs awarded to Class Counsel in the Court's Order dated August 22, 2019. [*Id.*]. Class Counsel also requests an award as compensation for their efforts, not to exceed $318,932.75 from the Total Settlement Amount. [*Id.* at 11242–43]. To provide notice of the settlement, the Parties have prepared a Notice of Proposed Class and Collective Action Settlement and Fairness Hearing [DE 287-9] ("Notice"). The Notice explains

2

the nature of this action and the Agreement and will be mailed, along with the Opt-Out Statement [DE 287-10], to all members of the Rule 23 class.  [*Id.*].

## II.   JOINT MOTION FOR PRELIMINARY APPROVAL OF THE AGREEMENT

### A.  Standard of Review

Class action suits may be settled only with court approval.  Fed. R. Civ. P. 23(e).  Approval of a class action settlement involves two-stages: (1) "The judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing"; and (2) "If so, the final decision on approval is made after the hearing."  *Ann. Manual Complex Lit*. (Fourth) § 13.14 (2019);  *see also Thacker v. Chesapeake Appalachia, L.L.C*., 259 F.R.D. 262, 270 (E.D. Ky. 2009) (referencing *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001)).  "At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval."  *Spine & Sports Chiropractic, Inc. v. ZirMed, Inc*., No. 3:13-CV-00489, 2015 WL 1976398, at *1 (W.D. Ky. May 4, 2015)  (quoting *Ann. Manual Complex Lit*. § 21.662 (4th ed.)).  Courts apply a degree of scrutiny to proposed settlement agreements sufficient to avoid "rubber-stamp[ing]" a proposed settlement agreement, while still being "mindful of the substantial judicial processes that remain to test the assumptions and representations upon which the [proposed settlement agreement] are premised."  *In re Inter-Op Hip Liab. Litig*., 204 F.R.D. 330, 338 (N.D. Ohio 2001).

To approve a proposed settlement, the court must determine whether it is "fair, reasonable, and adequate."  *Whitlock v. FSL Mgmt., L.L.C.*, 843 F.3d 1084, 1093 (6th Cir. 2016).  Rule 23(e) provides the court with factors to consider when making this determination.  The Advisory Committee, in amending Rule 23(e), did not intend to displace factors developed by the circuit

courts in deciding whether to approve a proposed settlement agreement, but rather to "focus the court . . . on the core concerns . . . that should guide" the court's determination. Federal R. Civ. P. 23(e) advisory committee's note to 2018 amendment. The Sixth Circuit factors are also used to evaluate the reasonableness of settlements under the FLSA. *Does 1–2 v. Déjà Vu Servs., Inc.*, 925 F.3d 886, 894–95 (6th Cir. 2019) (quoting citing *Int'l Union, UAW, et al. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("*UAW*")). This Court thus considers both the Rule 23(e) factors and the factors set forth by the Sixth Circuit. *See Peck v. Air Evac EMS, Inc.*, No. CV 5:18-615-DCR, 2019 WL 3219150, at \*5 (E.D. Ky. July 17, 2019).

## B. The Settlement is "Fair, Reasonable, and Adequate."

Because the Court has already certified the class, appointed class counsel, and approved the class representatives, [DE 221], its analysis here focuses on whether "giv[ing] notice is justified by the parties' showing that the court will likely be able to . . . approve the proposal under Rule 23(e)(2)."[1] Fed. R. Civ. P. 23(e)(1)(B). Because the parties' showing satisfies the Rule 23(e)(2) and Sixth Circuit factors, the Court will likely be able to approve the Settlement as "fair, reasonable, and adequate."

### 1. Analysis Under Rule 23(e)(2).

Under the Rule 23(e)(2) factors, a settlement is "fair, reasonable, and adequate" if:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;

---

[1] The Advisory Committee to Rule 23(e) notes: "If the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified." Federal R. Civ. P. 23(e) advisory committee's note to 2018 amendment. Here, the Agreement does not seek to alter the class.

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to  each other.

Fed. R. Civ. P. 23(e)(2).

    *a.   The class representative and class counsel have adequately represented the class.*

The Parties extensively litigated this matter through settlement, with Defendants opposing certification of the FLSA collective action [DE 59 at 696] and class certification under Rule 23 [DE 171 at 2713]. The Parties also "engaged in a significant amount of discovery" related to the merits of class claims, including a review of Defendant's business records.  [DE 287-1 at 11240]. There is no reason to think that, if the case continued to trial, the parties would stop litigating the case with the same intensity.  This factor supports settlement.

    *b.   The parties negotiated the proposal at arm's length.*

Magistrate Judge Whalin initially assisted the Parties during their settlement discussions. [DE 98]. Magistrate Judge Edwards later assisted the Parties at another settlement conference and in their arm's-length negotiations.  [DE 245].  Although the Parties did not reach a settlement during the full-day mediation before Judge Edwards, the parties continued negotiations.  [DE 287-2 at 11247].  The Agreement was achieved only after arm's-length and good-faith negotiations between the parties.  [*Id.* at 11240].  This factor supports the Agreement.

    *c.   The relief provided for the class is adequate, despite 39% of it going to fees and costs.*

The Agreement, which guarantees payment from Defendant, adequately compensates Plaintiffs.  In determining whether a fee request is proper, the court may use either the percentage-

of-the-fund method or the lodestar method.  *Gascho v. Global Fitness Holdings*, L.L.C., 822 F.3d 269, 278-80 (6th Cir. 2016).  But the court must articulate the "reasons for 'adopting a particular methodology and the factors considered in arriving at the fee.'"  *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir.2009) (quoting *Rawlings v. Prudential-Bache Props.*, Inc., 9 F.3d 513, 516 (6th Cir. 1993).  "The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved."  *Rawlings*,  F.3d at 516.

Fee awards typically range from 20 to 50 percent of the common fund.  *New England Health Care Emps. Pension Fund v. Fruit of the Loom, Inc*., 234 F.R.D. 627, 635 (W.D. Ky. 2006), *aff'd, sub nom. Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008);  *Déjà Vu*, 925 F.3d at 898 ("It is not abnormal for negotiated attorneys' fee awards to comprise 20% to 30% of the total award"); *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 299 (W.D. Ky. 2014)  (24% of common fund  was reasonable); *Spine & Sports Chiropractic, Inc. v. ZirMed, Inc*., No. 3:13-CV-00489, 2015 WL 1976398, at *3 (W.D. Ky. May 4, 2015)  (33% was reasonable);  *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig*., No. 3:08-MD-01998, 2009 WL 5184352, at *11 (W.D. Ky. Dec. 22, 2009)  (50% was reasonable).

The Total Settlement Amount consists of $850,000, which will be funded by Defendant. [DE 287-2 at 11248].  Of the Total Settlement Amount, $31,067.25 will be deducted and paid to Plaintiffs' Counsel [*Id.*] pursuant to the Court's award of costs and fees [DE 220 at 6148]. Plaintiffs' Counsel will also receive an additional $318,932.75 of the Total Settlement Amount as a reward of attorneys' fees and costs associated this action.  [DE 287-2 at 11248].  After subtracting all attorneys' fees and costs from the Total Settlement Amount, Plaintiffs will receive $500,000 ("Net Settlement Amount").  Not including the Court's award of costs and fees [DE 220 at 6148],

the attorney's fees and costs associated equal approximately 39% of the Net Settlement Amount. [DE 287-2 at 11248].

Although 39% of the Net Settlement Amount is at the high end of what courts in this district have found to be reasonable using the percentage-of-the-fund method, the Court preliminary approves fees and costs for no more than $318,932.75.[2]   The attorneys' fees costs are still within the range typically approved by this Court. *New England Health Care Emps. Pension Fund*, 234 F.R.D. at 627. The Agreement is fully funded by Defendant and provides a guaranteed recovery for all Plaintiffs. [DE 287-2 at 11248]. All Plaintiffs in the class action will receive at least $100 and the FLSA collective action Plaintiffs will receive individually calculated recoveries. [*Id.*]. Nevertheless, the Court requests that the parties provide additional information at the final fairness hearing about how the parties determined that $318,932.75 was reasonable for fees and costs, including the hours worked and billable rates for the plaintiff's attorneys on this case. Otherwise, the Court cannot assess the reasonableness of costs and fees using the lodestar method. Based on the Court's preliminary review, this factor suggests that the Agreement is reasonable.

    d.  *The proposal treats class members equitably relative to each other.*

Finally, the Agreement treats class members equitably. The Agreement provides at least $100 for each class action plaintiff in exchange for their release. [*Id.*]. The Agreement deducts the $100 from the Total Settlement Amount before the determination of pro rata individual shares so that each class member is guaranteed to receive their recovery amount. [*Id.*]. Because each class member is guaranteed to receive the same recovery, this factor supports settlement.

---

[2] The Court already approved fees and costs in the amount of $31,067.25 for time spent in relation to Mr. Vezeau's Rule 30(b)(6) deposition. [DE 220 at 6148]. Likewise, the Court will also approve these fees associated with the Agreement.

**2. Analysis Under the Sixth Circuit's Factors.**

The Sixth Circuit has articulated factors to help courts determine whether a settlement is

"fair, reasonable, and adequate" for preliminary approval:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of
> the litigation; (3) the amount of discovery engaged in by the parties; (4) the
> likelihood of success on the merits; (5) the opinions of class counsel and class
> representatives; (6) the reaction of absent class members; and (7) the public interest.

*Pelzer v. Vassalle*, 655 F. App'x 352, 359 (6th Cir. 2016) (citing *UAW*, 497 F.3d at 641). These

factors are also used to determine the reasonableness of settlement agreements under the FLSA.

*Déjà Vu Servs., Inc.*, 925 F.3d at 894–95.

> *a. The risk of fraud or collusion.*

First, "Courts presume the absence of fraud or collusion in class action settlements unless

there is evidence to the contrary." *Thacker v. Chesapeake Appalachia*, L.L.C., 695 F. Supp. 2d

521 (E.D. Ky. 2010) (citing *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D.

Mich. 2008)). Magistrate Judge Whalin and Magistrate Judge Edwards both assisted the Parties

in their settlement negotiations. [DE 98, 245]. The Parties also represent that the Agreement is

the product of "arms-length and good faith negotiations." [DE 287-1 at 11240]. Therefore, this

factor advocates for the Agreement.

> *b. The complexity, expense, and likely duration of litigation.*

Second, the parties have already engaged in costly and protracted litigation. Wage and

hour actions, such as this one, are fact intensive and often "require costly and protracted litigation"

that may "outstrip" the "value of Plaintiff's damages." *LaRue v. SelfieStyler, Inc.*, No. 2:19-cv-

03617, 2020 WL 7123036, at *2 (S.D. Ohio Dec. 4, 2020). This matter has been pending since

2014, and it may be years before the case goes to trial. The parties have already spent considerable

time and expense on this case. If forced to litigate this case further, the Parties would continue to

engage in costly litigation and motion practice.  [DE 287-1 at 11241].  Therefore, this factor supports settlement.

       *c.  The amount of discovery engaged in by the Parties.*

Third, the parties "engaged in substantial investigation prior to negotiating" the Agreement. [*Id.*].  If the parties have engaged in discovery, then a settlement is more likely to be fair and reasonable under the circumstances.  *See O'Bryant v. ABC Phones of N.C., Inc.*, No. 19-cv-02378-SHM-tmp, 2020 WL 7634780, at *14.  The Parties have reviewed relevant documents and researched the applicable law throughout this action.  [DE 287-1 at 11241].  During discovery, the Parties reviewed Defendant's business records related to timecard punches, payroll records, job duties, checklists, and tip spreadsheets.  [*Id.*].  Because the parties engaged in substantial discovery prior to settlement, this factor supports the Agreement.

       *d.  The likelihood of success on the merits.*

Fourth, "the most important of the factors to be considered in reviewing a settlement is the probability of success on the merits.  The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured."  *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011)  (citing *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)).  Counsel for both sides have recognized the risk of continuing to litigate this action.  [DE 287-1 at 11241].  In doing so, Defendant has acknowledged that there must be some merit to Plaintiffs' claims if this action were to proceed to trial.  [*Id.*].  This factor supports settlement.

       *e.  The opinions of class counsel and class representatives.*

Fifth, the experienced attorneys on each side, after assessing the relative risks and benefits of litigation, believe that the settlement is fair and reasonable.  [*Id.*].  "The endorsement of the

parties' counsel is entitled to significant weight, and supports the fairness of the class settlement." *UAW v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008). Not only does counsel for both sides support settlement, but the class representatives for the FLSA collective action and the Rule 23 class action all support the Agreement. [DE 287-1 at 11241]. As a result, the factor weighs in favor of the Agreement.

### f. *The reaction of absent class members.*

Sixth, the reaction of absent class members does not yet weigh one way or the other in determining whether settlement is appropriate. At the pre-notice stage, the Court does not yet know how absent class members will respond.

### g. *The public interest.*

Finally, the Court finds that settlement serves the public interest. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003) (quoting *Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992)). Furthermore, "if the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to 'promote the policy of encouraging settlement of litigation.'" *Crawford v. Lexington-Fayette Urb. Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *9 (E.D. Ky. Oct. 23, 2008) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). There is no principled basis for not adhering to that policy here.

## C. The Proposed Settlement's Notice Materials Satisfy the Requirements of Rule 23

Because this Court has granted preliminary approval, it "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). The

Court must direct notice under Rule 23(c)(2)(B), which requires that the notice must include in

plain, easily understood language:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The Notice conveys that this is a class action alleging Defendant has violated the FLSA

and Kentucky Wages and Hours Act by "forcing employees to participate in a mandatory tip-

pool." [DE 287-9 at 11294]. It defines the certified class as an employee of Defendant who "held

the position of Server, Cocktail Server, and/or Bartender, and received a paycheck from

[Defendant] from January 2011 to present." [*Id.* at 11295]. The Notice also discusses class claims,

issues, and defenses. [*Id*. at 11295–96]. It conspicuously alerts class members that they may enter

an appearance through an attorney. [*Id*. at 11297]. It explains the class members' options and the

manner for requesting exclusion through the opt-out form. [*Id*. at 11293]. Although the Notice

does not yet provide how much time a class member has to request exclusion, the Notice does

include a blank for the date, which the Court will provide in its Order. [*Id.*]. Finally, it notes that

unless an individual chooses to opt out, they are bound by the terms of the settlement. [*Id.*].

## CONCLUSION

For these reasons, and being otherwise sufficiently advised, the Court **GRANTS** the Motion.  [DE 287].

The Court **FINDS** and **ORDERS** as follows:

1. <u>Class Members</u>.  On September 3, 2019, this Court certified, under Federal Rule of Civil Procedure 23, the following class: "[a]ll Servers, Cocktail Servers, and Bartenders employed by the defendant in its Louisville restaurant since it opened on January 6, 2011."  [DE 221].

2. <u>Class Representatives and Class Counsel</u>.  On September 3, 2019, this Court appointed Class Representatives and the law firms of Wiggins, Childs, Pantazis, Fisher, & Goldfarb, LLC and Adams Landenwich & Walton, PLLC as Class Counsel.  [DE 221].

3. <u>Nullification</u>.  This Order will be void and of no force or effect if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

4. <u>Preliminary Approval</u>.  The settlement set forth in the Agreement between the Parties is preliminarily approved as fair, reasonable, adequate, within the range of possible approval, and in the best interests of the Rule 23 class, subject to a hearing for final approval.  The Court further preliminarily finds that the settlement provided for in the Agreement represents a fair, reasonable, and adequate settlement to the Rule 23 class as a whole.  The proposed Agreement is sufficient to justify the issuance of notice of the settlement to the Rule 23 class.

12

5.  <u>Class Notice</u>.  The Notice and the Opt-Out Statement (collectively the "Notice Materials") are approved.  The Court orders that Defendant provide the Class Counsel with a list, in electronic form, of the Rule 23 settlement class members, including each individual's last known address, within three business days after the entry date of this Order.  The Court orders that the Class Counsel mail the Notice Materials via first-class mail to the Rule 23 settlement class members within fourteen days after Defendants produce such list with addresses.  Any member of the Rule 23 settlement class who wishes to opt out of the class must do so by properly completing the Opt-Out Statement and mailing it to the Class Counsel.  The Opt-Out Statement must be received by the Class Counsel within 30 calendar days after the date on which Class Counsel mails the Notice to class members.  All of the Rule 23 class members who do not timely and properly exclude themselves from the class will be bound conclusively by all terms of the Agreement, if finally approved, and by any judgment entered upon final approval. The Class Counsel will provide Counsel for the Defendant returned opt-out statements, and will file them with the Court, as set forth in the Agreement.

6.  <u>Fairness Hearing</u>.  The Court shall conduct a Fairness Hearing regarding the proposed settlement on August 4, 2022 at 10:00 a.m. (EDT) at the U.S. Courthouse, 601 W. Broadway, Louisville, KY, 40202.  Any Rule 23 class member who wishes to object to the Agreement will be heard at that time. Objections must be made in writing by mailing such objections to the Class Counsel and must be received by the Class Counsel within 30 days after the date on which the Class Counsel mails the Notice to Rule 23 class members.  Each

objection must include the objector's name, address, telephone number, signature, and social security number.  Each objecting Rule 23 class member must state the reasons for objection to the Agreement.  If the objecting Rule 23 class member wishes to speak at the hearing, the written objection must state so and specifically identify all witnesses and materials that the objecting Rule 23 class member will present at the hearing.  Any objecting Rule 23 class member who fails to properly or timely provide his or her objection to Class Counsel will not be heard during the Fairness Hearing and such objection will not be considered by the Court. Class Counsel will file objections with the Court and provide them to Counsel for Defendant as set forth in the Agreement.

7. <u>Order for Settlement Purposes</u>.  The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

8. <u>Stay</u>.  All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement, are stayed and suspended until further order of the Court.  Pending final approval of the Agreement, Plaintiffs are barred from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claim against any Released Party (as those terms are defined in the Agreement).

9. <u>Use of Agreement and Ancillary Items</u>.  Neither the Agreement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings

14

in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in this action or any other action with respect to any issue or dispute, including but not limited to, for the purpose of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims. Likewise, neither the Agreement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) shall be construed as, offered, or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties or their counsel of any liability, fault, wrongdoing, omission, or damage.

10. <u>Attorney's Fees and Awards</u>.  The submissions of the Parties in support of the settlement, including Plaintiff's Counsels' application for Attorneys' Fees and Expenses and incentive awards, shall be filed with the Court no later than thirty-five (35) days before the Fairness Hearing and may be supplemented up to seven (7) days before the Fairness Hearing.

11. The following motions are ADMINSITRATIVELY REMANDED pending the Court's approval of the settlement in this matter and will only be reinstated if the settlement is not approved:

   a.   Defendant's Motion for Leave to Exceed Page Limitations [DE 267],

   b.    Defendant's Motion for Summary Judgment [DE 268],

   c.   Defendant's Motion in the Alternative to Decertify Class and Collective

Action Claims [DE 269],

    d.   Plaintiffs' Motion to Exceed Page Limits [DE 273],

    e.   Plaintiffs' Motion to Substitute, [DE 277],

    f.   Plaintiffs' Motion to Supplement Evidentiary Submission [DE 279], and

    g.   Defendant's Motion for Leave to Exceed Page Limitations [DE 280].

Rebecca Grady Jennings, District Judge

United States District Court

April 26, 2022

cc:    Counsel of record

16